**RICHMOND & HEVENOR**
BY: **Kenneth W. Richmond, Esquire PA 24471**
BY: **E. William Hevenor, Esquire**                      ATTORNEYS FOR: Plaintiffs
2019 WALNUT STREET
4TH FLOOR
PHILADELPHIA, PA  19103
(215) 523-9200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **John and Jane Doe, h/w and individually** : | |
| : | |
| **Plaintiffs** : | |
| **v.** : | |
| : | |
| **Kenneth Schneider** : | |
| **832 Darby Paoli Road** : | |
| **Berwyn, PA 19312** : | |
| and : | |
| **The Apogee Foundation** : | |
| **1001 Avenue of the Americas, 12ᵗʰ Floor** : | **CIVIL ACTION** |
| **New York, NY 10018-5460** : | |
| and : | |
| **Marjorie Schneider** : | **AMENDED Complaint** |
| **832 Darby Paoli Road** : | |
| **Berwyn, PA 19312** : | |
| and : | **NO.: 2:08cv-03805 (BWK)** |
| **Bernard Schneider MD** : | |
| **832 Darby Paoli Road** : | |
| **Berwyn, PA 19312** : | |
| and : | |
| **Susan Schneider MD** : | **JURY DEMANDED** |
| **832 Darby Paoli Road** : | |
| **Berwyn, PA 19312** : | |
| : | |
| **Defendants** : | |

## FIRST AMENDED COMPLAINT

Plaintiffs John and Jane Doe, by and through their undersigned counsel, aver the

following in their complaint against the above named defendants:

1

## PARTIES

1.     Plaintiff John Doe is now an adult man and resident of Arizona.  He is married to plaintiff Jane Doe.  He was born in 1986 and was a minor at the time of the sexual abuse described in this complaint.  For this reason, he is identified only as "John Doe" in public filings. His identity and date of birth are revealed in the sealed and otherwise identical copy of the complaint filed herewith.

2.     Plaintiff Jane Doe is the wife of plaintiff John Doe and resides with him in Arizona. She is likewise identified herein as only "Jane Doe".  Her identity and date of birth are revealed in the sealed and otherwise identical copy of the complaint filed herewith.

3.     Defendant Kenneth Schneider is an adult citizen of the United States who upon information and belief is presently on a visa to the United Kingdom while he is employed with Millhouse Capital UK Ltd, and Aurience, Ltd., in London.  He currently maintains a Pennsylvania domicile at 832 Darby Road, Paoli, Pennsylvania at a dwelling owned by the Schneider Family Partnership that upon information and belief is made up of defendants Marjorie Schneider, Bernard Schneider, Susan Schneider and Kenneth Schneider.  At various times during the years of the sexual abuse described below, defendant Kenneth Schneider, while acting as president, director, agent servant or employee of Defendant Apogee Foundation, lived temporarily in Massachusetts, New York, and in Moscow, Russia.

4.     Defendant Marjorie Schneider is a domiciliary of Pennsylvania residing at the above captioned address.

5.     Defendant, "The Apogee Foundation" (hereinafter Apogee) was established by defendant Kenneth Schneider in 1997 to enable him to secure illicit contact with juvenile performers in the former Soviet Union on a pretext of providing promotional and financial

assistance . Upon information and belief and at all times relevant hereto, defendant Apogee solicited and received 501(c)(3)  donations to provide funding, cover and concealment for the unlawful conduct described below.

6. Defendant, Marjorie Schneider, at all times relevant hereto was a principal officer and financial supporter of The Apogee Foundation and the mother of Kenneth Schneider, who upon information and belief, was aware of and directly or indirectly enabled and assisted the illicit sexual contact of Kenneth Schneider with plaintiff John Doe.

7. Defendant, Bernard Schneider is a Medical Doctor who is domiciled in Pennsylvania residing at the above captioned address, and at all times relevant hereto was a principal officer and financial supporter of The Apogee Foundation and the father of Kenneth Schneider, with direct knowledge of, or good reason to believe  Kenneth Schneider employed Apogee for illicit purposes described below.

8. Defendant, Susan Schneider is a Medical Doctor, and at all times relevant hereto, was a principal officer and a medical director of The Apogee Foundation and the sister of Kenneth Schneider, who upon information and belief and at all times relevant hereto, was or had reason to be aware or suspicious of the sexual proclivities of Kenneth Schneider and the danger his close company provided for minors such as plaintiff John Doe.  Defendant Susan Schneider is currently domiciled in California while maintaining a Pennsylvania address and acting as the registered agent for Defendant Apogee with an address at 500 E. 77th Street, Apartment 1601, New York, NY 10162.

**JURISDICTION and VENUE**

9.      This action is brought under 18 U.S.C. 2255(a), and 28 U.S.C. 1331 which

provides subject matter jurisdiction in the federal district courts for victims of sexual abuse.   In

addition, some or all of the claims herein are based upon violations of federal statutes, including

18 U.S.C.S. 2(a) Unlawful Aiding and Abetting; 18 U.S.C.S 1510 Unlawful Obstruction; 18

U.S.C.S. 1512(b)Witness Tampering; 18 U.S.C.S 2423(c)(d) International Travel to have sex

with a minor; 18 U.S.C.S 2421 Transportation of a child for illicit Sexual Activity; 18 U.S.C.S

2242 Sexual Abuse of an incapable child; 18 U.S.C.S. 2422 Coercion and Enticement of a child

for sexual purposes; 18 U.S.C.S. 1962(b) RICO, and 18 U.S.C.S 1964.   This court has ancillary

jurisdiction over the related state law claims of Intentional Infliction of Emotional Distress;

Willful, Intentional  Breach of Fiduciary Responsibility and  Negligent Breach of Fiduciary

Responsibility  pursuant to 28 U.S.C. 1367(a).

10.      Venue lies properly in the Eastern District of Pennsylvania pursuant to 28 U.S.C.

1391(b) in that the some or all of the abuse occurred in this district, and defendants Kenneth

Schneider, Marjorie Schneider, Bernard Schneider and Susan Schneider maintain a domicile or

legally sufficient contact for long arm jurisdiction in this district by reason of the dwelling and

residence deeded to the "Schneider Family Partnership"  and defendant Apogee officer's

financial solicitations organization  and management activities in this district.

**FACTUAL BACKGROUND**

11.      Paragraphs 1 through 10 of this complaint are incorporated by reference as if set

forth fully herein.

12.      Plaintiff John Doe was born in 1986 in Kazakhstan as the son of two former

professional ballet dancers in the former Soviet Union.  He attended public school until the age of ten when his dancing talent led to an audition with Bolshoi Ballet Academy.

13.     At age ten (10) John Doe was accepted into the Bolshoi Ballet Academy in Moscow, at considerable distance from his parents' home.

14.     The Bolshoi Ballet Academy referred the Plaintiff John Doe to defendant Kenneth Schneider, a self described ballet patron who created and then employed the defendant Apogee Foundation for introduction and as cover for illicit contact with youthful male performers.  At the time, defendant Kenneth Schneider was a legal consultant to oil or energy entrepreneurs in Moscow.

15.     Shortly thereafter a meeting was arranged between the minor Doe and Doe's parents and the defendant Schneider.  The defendant Schneider, using the pretext of patronage, encouraged Doe's parents to allow the minor Doe to move to Moscow to live in the premises of Schneider and to accept the financial assistance that Schneider both personally and through his foundation (Apogee) could provide thereby eliminating dorm and living expenses and allowing Doe's studies to continue.

16.     After securing the blessing of John Doe's parents, the child took up residence in Moscow with Defendant Kenneth Schneider who plied him with electronic gifts and then with exotic descriptions, illustrations and examples of Greek and Roman pedophilia accompanied by bathing, then massaging, fondling, kissing and ultimately the first of many violent acts of sodomy and penetration of the Plaintiff commencing while he was twelve (12) years of age.

17.     Defendant Schneider admonished the child Doe that he should never tell his teachers at the Academy of their discussions and sexual activities together, because "he

[Schneider] could go to jail", and both their lives would be ruined, and of course, Doe would never have a career in America or any other Dance Company.

18.     During all of the aforementioned time the defendant Schneider continued to sexually abuse and exploit Plaintiff John Doe innumerable times over the next eight years all while maintaining the appearance of an arts patron using the institutional facade of the Apogee Foundation to conceal his real purpose in providing assistance to the child.

19.     In addition to the physical pain, the Plaintiff experienced profound shame, guilt and dread even as he assured his parents on visits that everything was fine, revealing only that he was getting a massage after dance practice.

20.     Whenever plaintiff Doe cried and expressed his unhappiness and dread to the defendant Schneider, he was promised  the use of the Apogee Foundation's great influence in making him a star with access to America's most prestigious ballet institutions.

21.     At age sixteen (16) years, the defendant Schneider brought John Doe to 832 Darby Paoli Road, in Berwyn, Pennsylvania to reside with him and defendants Marjorie and Bernard Schneider where the abuse continued whenever he was left alone with Defendant Kenneth Schneider.

22.     Defendants Marjorie, Bernard and Kenneth Schneider using family and Apogee Foundation contacts arranged for Plaintiff John Doe to attend the summer programs at the prestigious Rock School for Dance Education in Philadelphia, convincing the minor plaintiff Doe of the great influence of the Schneider family in the performing arts community.

23.     As a result, Plaintiff John Doe continued to accede to defendant Schneider's illicit conduct.

24.     On or about May 2003 the defendant Schneider returned the minor Doe to the Berwyn, Pennsylvania address to participate for a second time at a Rock School program.

25.      During this period, the defendant, Kenneth Schneider, rented a Mustang convertible and took Plaintiff John Doe on an interstate trip during which illicit conduct occurred.

26.     At the end of summer 2003 the defendant Schneider arranged for him and Doe to move to Cambridge, Massachusetts where Doe enrolled in High School education and joined the 2nd Company of the Boston Ballet where he lived together with Defendant Kenneth Schneider who engaged in illicit conduct with the Plaintiff.

27.     After exposure to the social convention of Massachusetts high school, the Plaintiff, John Doe experienced personal isolation and indelible, inconsolable shame which caused depression and loss of all professional ambition.

28.     In 2006 Defendants Kenneth Schneider and his parents, Marjorie and Bernard Schneider, arranged for the Plaintiff's enrollment in classes at the Pennsylvania Academy of Ballet in Narberth, Pennsylvania.

29.     While at the Pennsylvania Academy of Ballet plaintiff John Doe met his current wife, plaintiff Jane Doe, and began a friendship with her in April 2006 that led to them dating in July 2006 and ultimate marriage in February 2007.

30.     While still participating at the Pennsylvania Academy of Ballet because of his desire to remain close to plaintiff Jane Doe, plaintiff John Doe rejected offers to move to Cincinnati and Miami to dance in their ballet companies, and instead accepted a full scholarship to enroll in the University of the Arts in Philadelphia.

31.     At all times relevant, defendants Kenneth Schneider and Marjorie Schneider disapproved of the plaintiff John Doe's attraction to plaintiff Jane Doe.  Defendant Kenneth Schneider threatened the Plaintiff with the withdrawal of the Schneider and Apogee support for his career and threatened his involuntary return to Russia if he continued his relationship with Plaintiff Jane Doe.

32.     As a result of the threats, the plaintiff John Doe told plaintiff Jane Doe that they could no longer see each other.

33.     When plaintiff's to Jane Doe ceased, and after calls to him went unanswered or unreturned from Christmas Eve through December 26, 2006 plaintiff Jane Doe and her mother, fearing harm, went to defendants' house to check on plaintiff 's well being.  At their arrival they were greeted by defendant Kenneth Schneider who only after firm insistence allowed John Doe to accompany Jane Doe and her mother to get something to eat.

34.     Because of the John Doe's emaciated appearance and his almost comatose demeanor, plaintiff Jane Doe and her mother took John Doe to the Bryn Mawr Hospital emergency room whereupon he was admitted for both physical and psychiatric examination. However, he could not avail himself of therapy for fear that, ".... to go into extreme details ..., I am afraid to speak what I think – it will hurt someone".

35.     Upon learning that the plaintiff John Doe had been taken to the hospital, defendant Marjorie Schneider contacted the father of plaintiff Jane Doe and threatened that if the plaintiff was admitted to the hospital he would soon be on the first plane back to Russia. Similarly, when he learned that the plaintiff was at the hospital defendant Kenneth Schneider went to the hospital and demanded that the plaintiff be immediately released into his custody. However, that demand was denied and in his subsequent brief meeting with the plaintiff

defendant Kenneth Schneider chastised him for going to the hospital and stated to him that now the plaintiff would forever have a stigma in the dance world and his hopes of any career would be ruined.

36.     After a three (3) day admission the plaintiff John Doe was discharged with a diagnosis of depression for which medication was recommended and ongoing counseling advised.  He was discharged into the company of Jane Doe and her parents, refusing to return the Schneider home.

37.     When John Doe refused to return to the Schneider home, defendant Marjorie Schneider demanded that the plaintiff John Doe relinquish to her and/or defendant Kenneth Schneider and Apogee $5000.00 from in plaintiff's checking account which she claimed was money provided to the plaintiff by the defendants.  In addition, Marjorie Schneider claimed that the plaintiff had to be charged by Apogee for moneys it claimed it paid to its accountant to file tax returns for the plaintiff.  In addition, Marjorie Schneider secured Plaintiff John Doe's signature, on what is believed to be a single copy general release,  obtained without consideration or legal advice, attempting to absolve Kenneth Schneider, the Apogee Foundation, its board members and officers from all past crimes as described above.

38.     Despite repeated requests by the plaintiff John Doe and earlier requests by plaintiff Jane Doe and her family for the defendants to cease all contact with plaintiff John Doe the defendants have failed to do so, continually reaching out to the plaintiff John Doe and invading his privacy by various methods including but not limited to e-mail greetings trying to heal the wounds of the past.

## COUNT I

## Child Abuse Victims' Rights Act, 18 U.S.C. 2255(a)

## John Doe v. All Defendants

39.     Paragraphs one (1) through thirty-eight (38) of this complaint are incorporated by reference as if set forth fully herein.

40.     As set forth more fully above, while he was a minor, John Doe suffered personal injury as a result of sexual abuse perpetrated by defendant Kenneth Schneider in violation of state and federal law.  The abuse includes, but is not limited to, the following:

(a)     Defendant Kenneth Schneider while acting in his capacity as both a private citizen and as founder, officer and director, employee and agent for defendant The Apogee Foundation, transported the plaintiff John Doe internationally and using interstate commerce facilities, between various states, including but not limited to Pennsylvania, Massachusetts and New York and Connecticut with intent to engage in sexual activity for which he can be charged with criminal offenses in those various states.  Such transportation or custody of a child for sexual purposes is believed to violate each state's law and 18 U.S.C. 2421, 2423(a), 18 U.S.C.S 1510 Unlawful Obstruction; 18 U.S.C.S. 1512(b) Witness Tampering; 18 U.S.C.S 2423(c)(d) International Travel to have sex with a minor; 18U.S.C.S 2421 Transportation of a child for illicit Sexual Activity; 18U.S.C.S 2242 Sexual Abuse of an incapable child; 18 U.S.C.S. 2422 Coercion and Enticement of a child for sexual purposes;  18 U.S.C.S. 1962(b) RICO  and 18 U.S.C.S 1964

(b)     Defendant Kenneth Schneider while acting in his capacity as both a private citizen and as founder, chief officer and director agent and employee for defendant The Apogee Foundation knowingly enticed, induced and persuaded plaintiff John Doe to travel in interstate

and foreign commerce to various states including, but not limited to Pennsylvania, Massachusetts and New York among others, and Russia, to therein engage in sexual activity for which he can be charged with a criminal offense in those locales.  Such conduct is a violation of 18 U.S.C. 2422(a).

(c)     Defendant Kenneth Schneider while acting in his capacity as both a private citizen and as founder, chief officer, agent, employee and director for defendant The Apogee Foundation, traveled in interstate and foreign commerce, with the intent to engage in illicit sexual activity with the plaintiff John Doe in violation of 18 U.S.C. 2423 (b) and (c).

41.     Upon information and belief defendants The Apogee Foundation, Susan Schneider MD,  Marjorie Schneider and Bernard Schneider MD, were directly aware of, or had good reason to be aware of defendant Kenneth Schneider's sexual proclivities and his propensity for ephebophilic behavior and nonetheless stood silently by in their capacity as individuals, family members, and as officers and/or directors of The Apogee Foundation, thereby affording Kenneth Schneider the years of opportunity to commit and continue the sexual abuse that is the subject of this complaint.  Accordingly, these defendants are all directly or vicariously liable for negligent breach of fiduciary responsibility as it relates to the custody and care of a child, or willful, intentional breach of fiduciary responsibility as it relates to the care and custody of a child for  the acts of defendant Kenneth Schneider described herein and complicit in his felonious misconduct.

**WHEREFORE,** plaintiff John Doe demands entry of judgment in his favor and against Kenneth Schneider, The Apogee Foundation, Susan Schneider, Marjorie Schneider and Bernard Schneider jointly and severally, together with an award of compensatory and punitive damages,

reimbursement of attorney's fees and such other and further relief as this court deems appropriate.

**COUNT II**

**Assault and Battery**

**John Doe v. Kenneth Schneider**

42.     Paragraphs one (1) through forty-one (41) of this complaint are incorporated by reference as if set forth fully herein.

43.     As set forth more fully above, acting in his capacity as an individual philanthropist while also acting as the founder and/or officer and director of The Apogee Foundation, defendant Kenneth Schneider with intent to cause harmful and offensive contact sexually abused and assaulted plaintiff John Doe on numerous occasions and in various locations.

44.     As a direct result of the assault and battery described above, plaintiff John Doe has suffered and continues to suffer physical and mental injuries and emotional pain and suffering.

45.     As a direct result of the assault and battery described above, plaintiff John Doe has suffered and continues to suffer a diminishment in his income and earning potential.

46.     The acts of defendant Kenneth Schneider as alleged above were done willfully, maliciously and with wanton disregard for the safety and well-being of John Doe.  As a result plaintiff John Doe is entitled to an award of punitive damages.

**WHEREFORE,** plaintiff John Doe demands entry of judgment in his favor and against Kenneth Schneider, together with an award of compensatory and punitive damages, and such other and further relief as this court deems appropriate.

## COUNT III

### Vicarious Liability

### NEGLIGENT HIRING AND SUPERVISION

### John Doe v. The Apogee Foundation, Susan Schneider, Marjorie Schneider and Bernard Schneider

47.     Paragraphs one (1) through forty-six (46) of this complaint are incorporated by reference as if set forth fully herein and in addition thereto it is alleged that  at all times relevant hereto The Apogee Foundation by and through its named officers and or directors (defendants Susan Schneider who is an MD, Marjorie Schneider and Bernard Schneider who is an MD) held itself out as an international non-profit organization dedicated to the development of human excellence in the performing arts, through its financial assistance, promotion and creative sponsorship using or referencing Medical credentials in connection with the tutelage of young artists.  To that end it solicited and accepted financial donations which it controlled in administering its above mentioned program of aid to young artists.

48.     Pennsylvania Child Protective Services Law, 23 Pa. C.S.A 6301, provides, in pertinent part that, "Persons who, in the course of their employment,...come into contact with children, shall report or cause a report to be made in accordance with section 6313...when they have reasonable cause to suspect, on the basis of their medical, professional or other training and

experience, that a child coming before them in their professional or official capacity, is an abused child.

49.     As directors and/or officers of The Apogee Foundation Susan Schneider, MD, Marjorie Schneider and Bernard Schneider, MD owed a duty of oversight, supervision and investigatory background checks with respect to its employees and/or principals that would be personally interacting with minor artist recipients of their largess.

50.     In acting as the founder, officer and/or director of The Apogee Foundation, Kenneth Schneider sought referrals from institutions of the performing arts that would direct him to young artists of need.  Prominent in the promotional material are the medical certifications of Susan Schneider and Bernard Schneider who are said to employ their training with the performing artists and the Apogee Foundation.

51.     From the above described influential perch, Kenneth Schneider sought and gained the trust of the minor plaintiff and his parents in secretly securing for his sexual pleasure the companionship of the minor plaintiff while ostensibly presenting only philanthropic motives for his seeking complete physical custody and control of the minor plaintiff, rather than using his own and/or foundation funds to simply pay for the plaintiff's dormitory expenses at the Bolshoi Academy.

52.     The silent acceptance of physicians to the odd living and travel arrangements, or their unwillingness to confront Kenneth Schneider at the appearance of impropriety constituted grossly negligent or willful complicit compliance in the sexual abuse of the plaintiff.  The continued refusal to act despite all the troubling warning signs of danger as set forth above constitute a willful complicit compliance in the actions of Kenneth Schnieder, to the extent of choosing to protect him over the best interests of the minor plaintiff.

14

53.     At all times relevant hereto The Apogee Foundation and the above named defendants held out Kenneth Schneider as a trustworthy philanthropist proudly and visibly acting under its banner by and for it.  In light of its complete and utter lack of concern for Kenneth Schneider's actions, its complete and utter failure to investigate, oversee or even inquire into the circumstances of his living and travel arrangements with the minor plaintiff, or how foundation funds may have been used to acquiesce the minor plaintiff's silence, the Apogee Foundation and its named officers and/or directors are vicariously liable for the violation of 23 Pa. C.S.A. 6301 and criminal violations of federal law relating to child sexual abuse and molestation, 18 U.S.C.S 2423(c)(d) International Travel to have sex with a minor; 18U.S.C.S 2421 Transportation of a child for illicit Sexual Activity; 18U.S.C.S 2242 Sexual Abuse of an incapable child; 18 U.S.C.S. 2422 Coercion and Enticement of a child for sexual purposes;  18 U.S.C.S. 1962(b) RICO  and 18 U.S.C.S 1964 committed by its and/or their agent Kenneth Schneider.

**WHEREFORE,** plaintiff John Doe demands entry of judgment in his favor and against The Apogee Foundation, Susan Schneider, Marjorie Schneider and Bernard Schneider jointly and severally, together with an award of compensatory and punitive damages, reimbursement of attorney's fees and such other and further relief as this court deems appropriate.

## COUNT IV

## BREACH OF FIDUCIARY RESPONSIBILITY

### John Doe v. All Defendants

54.     Paragraphs one (1) through fifty-three (53) of this complaint are incorporated by reference as if set forth fully herein and in addition it is alleged that the intentional behavior of the defendant Kenneth Schneider as described above is extreme and outrageous, beyond all

possible bounds of decency and utterly intolerable in a civilized community such as would cause anyone hearing the facts to exclaim "outrageous".  The criminal conduct was committed intentionally or recklessly and caused such severe emotional distress that the Plaintiff attempted suicide

55.     The Apogee Foundation and its named officer and/or director defendants intentionally or recklessly permitted Kenneth Schneider to secure and orchestrate a shared living arrangement with the plaintiff John Doe, in Pennsylvania and elsewhere that provided him with the opportunity to spend countless time alone with the minor under circumstances which they either knew or should have had reason to know or suspect that illicit sexual behavior would occur in violation of 18 Pa. C.S.A. § 3126(a)(1) (indecent assault), 18 Pa. C.S.A. § 6301(a)(1) (corruption of minors) and 18 Pa. C.S.A. § 4304(a) (endangering the welfare of children)..

56.     At all times relevant, a fiduciary relationship existed due to circumstances reflecting the defendant's overmastering influence arrayed against the weakness, dependence and trust which was  justifiably reposed in them by John Doe as a twelve year old child.

57.     As a direct result of the above described breach of fiduciary responsibility plaintiff John Doe has suffered and continues to suffer severe emotional distress.

58.     Defendants acted with willful, wanton, reckless and/or intentional disregard for the likelihood that their actions would cause plaintiff severe emotional distress.  Plaintiff therefore is entitled to an award of punitive damages.

**WHEREFORE,** plaintiff John Doe demands entry of judgment in his favor and against The Apogee Foundation, Susan Schneider, Marjorie Schneider and Bernard Schneider jointly and severally, together with an award of compensatory and punitive damages, reimbursement of attorney's fees and such other and further relief as this court deems appropriate.

**COUNT V**

**Negligent Infliction of Emotional Distress**

**Jane Doe v. Kenneth Schneider and Marjorie Schneider**

59.     Paragraphs one (1) through fifty-eight (58) of this complaint are incorporated by reference as if set forth fully herein.

60.     At all times relevant hereto with respect to the incidents above described that occurred in December 2006 both Kenneth Schneider and Marjorie Schneider was aware that Jane Doe was romantically involved with plaintiff John Doe.

61.     The threat to arrange for John Doe to be sent off to Russia for what would surely result in his being immediately drafted in the army if he did not do as they wished, made by Marjorie Schneider and Kenneth Schneider in person and over the telephone while they were aware or should have been aware of the presence of Jane Doe was in hearing proximity, constituted the infliction of emotional distress upon Jane Doe, a result of which she suffered immediate anxiety, fear, endless worry and depression.

**WHEREFORE,** plaintiff Jane Doe demands entry of judgment in her favor and against Kenneth Schneider and Marjorie Schneider together with an award of compensatory damages, and such other and further relief as this court deems appropriate.

**COUNT VI**

**John Doe and Jane Doe v. Marjorie Schneider**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

62.  Each of the foregoing allegations are incorporated herein as though fully set forth, and in addition thereto, Plaintiff John Doe alleges that Defendant Marjorie Schneider accosted

him just as he left the hospital after a failed suicide attempt as described in paragraph 36 above, and threatened, induced, and corruptly persuaded him to execute a document that she later described as a signed release for all of the criminal conduct performed by her son, Kenneth Schneider.

63.  At all times relevant, it is believed and therefore averred that Marjorie Schneider was conscious of her wrongdoing.

64.  The act of threatening, corruptly persuading the plaintiff John Doe  not to disclose or report the conduct described above out of fear of legal reprisal, professional damage and deportation is a criminal act under the circumstances in violation of 18 U.S.C.S. 2(a) Unlawful Aiding and Abetting; 18 U.S.C.S 1510 Unlawful Obstruction; 18 U.S.C.S. 1512(b)Witness Tampering.

65.   The conduct of Defendant Marjorie Schneider has caused the Plaintiff John Doe and his Spouse to fear his deportation, to fear legal reprisal and loss of any future opportunity for professional achievement to the extent that Plaintiff's require therapy and professional support and reassurance in order to seek legal redress against the defendants.

66.  This conduct is forbidden by federal criminal statutes and is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "outrageous!".

**WHEREFORE**, plaintiff John Doe demands entry of judgment in his favor for compensatory and punitive damage and attorney fees, together with such other further relieve and the Court or Jury deems appropriate.

## COUNT VII

## 18 U.S.C.S. 1962 RICO

## Plaintiff John Doe vs. Kenneth Schneider, Apogee and Marjorie Schneider

67.   Each of the foregoing allegations are incorporated herein as though fully set forth

and in addition, the Plaintiff John Doe alleges that the Apogee Foundation is an enterprise

engaged in interstate commerce which was formed and maintained by Kenneth Schneider in

order to promote or facilitate the illegal activity consisting of some or all of the claims  based

upon violations of federal statutes, including 18 U.S.C.S. 2(a) Unlawful Aiding and Abetting; 18

U.S.C.S 1510 Unlawful Obstruction; 18 U.S.C.S. 1512(b)Witness Tampering; 18 U.S.C.S

2423(c)(d) International Travel to have sex with a minor; 18 U.S.C.S 2421 Transportation of a

child for illicit Sexual Activity; 18 U.S.C.S 2242 Sexual Abuse of an incapable child; 18

U.S.C.S. 2422 Coercion and Enticement of a child for sexual purposes all within the last ten

years.

68.       In addition to the federal violations referenced, defendant Kenneth Schneider

committed separate violations of 18 U.S.C.S. 1952(a)(3) by using an interstate commerce

facility, including telephones, highways, hotels and the international Apogee Foundation to

promote or facilitate an unlawful activity and conceal his crimes with threats or by corrupt

persuasion.  In addition,  each of the defendants named violated state criminal law in committing

atrocious, violent acts upon a child, or by facilitating them or by corruptly persuading, or

tampering with a witness victim in the manner described in the previous paragraphs.

69.    It is believed and therefore averred that the Defendant, Marjorie Schneider, in the

act of attempting to secure a release for her son from Plaintiff John Doe, in the manner

19

described, did so with an awareness of the essential nature and scope of the Apogee-Kenneth Schneider criminal enterprise and thereafter conspired with Kenneth Schneider and intended to conceal the enterprise objective of child sexual exploitation from law enforcement.

**WHEREFORE,** Plaintiff John Doe demands judgment against the defendants named for engaging in Racketeering by dissolving the Defendant Apogee, divesting its officers and awarding the plaintiff threefold damages, the costs of the suit and attorney fees.

## COUNT VIII

## Jane Doe v. Defendants Marjorie Schneider & Kenneth Schneider

## Loss of Consortium

70.     Paragraphs one (1) through sixty-nine (69) of this complaint are incorporated by reference as if set forth fully herein.

71.     As a result of the threats of deportation, loss of professional opportunity, intentional infliction of emotional stress,  as described at paragraph 35 above, all of which continues to the present, Jane Doe as wife to the plaintiff John Doe has suffered and continues to suffer the loss of her husband's services and pleasures otherwise a natural and normal part and parcel of married life.  While, her husband continues to seek treatment for the emotional trauma and problems occasioned by the illicit sexual activity of Kenneth Schneider and the complicit actions of the other defendants, his self perceived shame and disgust upon sharing this information with his wife has caused great harm to their relationship.

**WHEREFORE,** plaintiff Jane Doe demands entry of judgment in her favor and against all defendants, jointly and severally, together with an award of compensatory damages, and such other and further relief as this court deems appropriate.

Respectfully submitted

/s/_____
Kenneth W. Richmond, Esq.
E. William Hevenor, Esq.
RICHMOND & HEVENOR
2019 Walnut Street
Philadelphia, PA  19103
215-523-9200
*kennyrichmond@comcast.net*
ATTORNEY FOR PLAINTIFFS