### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| **JOHN DOE, et al** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **KENNETH SCHNEIDER, et al** | : | **NO. 08-3805** |


**Goldberg, J.**                                                              **October 29, 2009**

### <u>MEMORANDUM OPINION</u>

Plaintiffs, John Doe (hereinafter, "Doe") and his wife Jane Doe (hereinafter, "Wife"), have instituted this action against Defendants, Kenneth Schneider (hereinafter, "Schneider"), Bernard Schneider, Marjorie Schneider, Susan Schneider and The Apogee Foundation.  The law suit stems from Doe's claim that Schneider sexually abused him over the course of eight years, while Schneider and the other Defendants financially supported his education and ballet training.  Defendants have filed the instant Motion to Dismiss, seeking the dismissal of Plaintiffs' Amended Complaint.  For the reasons that follow, Defendants' motion will be granted in part and denied in part.

### <u>FACTS</u>

The following facts have been taken from the allegations in the Amended Complaint, viewed in the light most favorable to Plaintiffs:

Doe was born in Kazakhstan in 1986.[1]  At the age of ten, Doe was accepted into the Bolshoi

---

[1] Plaintiffs are referred to a as John and Jane Doe in the public filings.  Their identities are revealed in a sealed copy of the Complaint.

Ballet Academy in Moscow, who, in turn, referred Doe and his family to Schneider, a ballet patron.

Schneider worked in Moscow at the time, and offered financial assistance to Doe's parents through

The Apogee Foundation, which was established and run by the Schneider family.[2]   Schneider also

suggested that Doe live with him in Moscow, and Doe's parents assented to this offer.    The

Complaint alleges that once Schneider and Doe began living together, Schneider:

> . . . plied him with electronic gifts and then with exotic descriptions, illustrations and examples of Greek and Roman pedophilia accompanied by bathing, then massaging, fondling, kissing and ultimately the first of many violent acts of sodomy and penetration of the Plaintiff commencing while he was twelve years of age.

During the course of this illicit conduct, Schneider threatened to ruin Doe's ballet career if he ever

revealed the abuse, which Doe claims continued for the next eight years. (Amended Complaint, ¶¶

1, 12-18).

When Doe was sixteen (16), he and Schneider moved to Pennsylvania to live with

Schneider's parents, Marjorie and Bernard.  Doe alleges that the sexual abuse continued in

Pennsylvania, whenever he was left alone with Schneider.  After the move to Pennsylvania,

Schneider and his family arranged for Doe to attend a dance summer program in 2002 and 2003, and

Doe alleges that Schneider continued to sexually abuse him throughout this time period.  (Amended

Complaint, ¶¶ 21-24).

The Complaint chronicles continued sexual abuse in 2003 during an interstate car trip and

when Schneider and Doe moved to Cambridge, Massachusetts, where Doe was enrolled in high

school.  (Amended Complaint, ¶¶ 25-26).

---

[2]According to the Amended Complaint, Defendants Marjorie, Bernard and Susan Schneider were all principal officers of The Apogee Foundation, and Kenneth Schneider was either an officer, director or employee. (Amended Complaint, ¶¶ 3, 6-8).

In 2006, Doe entered into a ballet academy in Pennsylvania, where he met Wife, who he married in 2007. The complaint further alleges that prior to the marriage, Schneider and his mother, Marjorie Schneider threatened to withdraw their financial support of Plaintiff, if Doe and his wife's relationship continued. (Amended Complaint, ¶¶ 28-29).

In December of 2006, Doe spent three days in the hospital for depression. At the beginning of the hospital stay, Doe claims that Marjorie Schneider threatened to have him sent back to Russia. Upon his discharge from the hospital, Doe refused to return to Schneider's home. In apparent retaliation, Marjorie Schneider demanded the return of $5000 that Doe had received from Defendants and then fraudulently obtained Doe's signature on a general release, which attempted to absolve Schneider and the other Defendants from any liability. (Amended Complaint, ¶¶ 33-37).

Doe and Wife filed their original complaint against Defendants, Schneider, The Apogee Foundation, Marjorie Schneider, Bernard Schneider, and Susan Schneider,[3] on August 12, 2008. Plaintiffs then filed the Amended Complaint, which is the subject of this motion, on August 29, 2008, alleging eight counts as follows:

(1)   A claim under 18 U.S.C. § 2255, which was brought by Doe against all Defendants (Count I);
(2)   Assault and Battery, which was brought by Doe against Schneider (Count II);
(3)   Vicarious Liability/Negligent Hiring and Supervision, which was raised by Doe against The Apogee Foundation, Marjorie Schneider, Susan Schneider and Bernard Schneider (Count III);
(4)   Breach of Fiduciary Responsibility, which was brought by Doe against all Defendants (Count IV);
(5)   Negligent Infliction of Emotional Distress, which was raised by Wife against Schneider and Marjorie Schneider (Count V);
(6)   Intentional Infliction of Emotional Distress, which was brought by Doe and Wife against Marjorie Schneider (Count VI);
(7)   Violations under the Racketeer Influenced and Corrupt Organizations Act, which

---

[3]Susan Schneider is Kenneth Schneider's sister.

were raised by Doe against Schneider, the Apogee Foundation, and Marjorie Schneider (Count VII); and

(8)   Loss of Consortium, which was brought by Wife against Schneider and Marjorie Schneider (Count VIII).

Defendants subsequently filed this Motion to Dismiss.[4]

## LEGAL ANALYSIS

When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id.

## FEDERAL CLAIM UNDER 18 U.S.C. §2255(a) - (Count I)

The statute at issue provides as follows:

---

[4]Defendants' Motion to Dismiss was filed on October 13, 2008, and Plaintiffs filed their response on October 30, 2008. According to Local Rule 7.1(c), a party must respond to a motion within fourteen (14) days or that motion can be granted as uncontested. E.D. Pa. P.R. 7.1(c). The Third Circuit has held that, "a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." United States v. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 215 (3d Cir. 2000) (remanding the case to the district court in part so the court could "explain its apparent decision to waive the 14-day service requirement of Local Rule 7.1(c)").

Here, Plaintiffs failed to respond within fourteen (14) days, and Defendants filed a "Motion to Grant as Uncontested their Motion to Dismiss the First Amended Complaint." Plaintiffs' counsel attributed the delay to an internal scheduling error. Upon consideration of the motion to grant as uncontested and the response, we are reluctant to punish Plaintiffs by dismissing the entirety of their case as a result of counsel's negligence. Moreover, Defendants have cited no prejudice as a result of the delay. See Howard v. Borough of Pottstown, 2001 WL 180355, at *2 (E.D. Pa. Feb. 16, 2001). Therefore, we exercise our discretion and will consider Plaintiffs' tardy response to the original Motion to Dismiss.

> (a) In general.--Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255.

Defendants challenge Doe's claim under this statute on two grounds. First, they assert that the required predicate statutes are not properly alleged. They also assert that the statute of limitations bars this claim. For reasons set forth below, we disagree with both of Defendants' arguments.

While it is true that Plaintiffs' complaint cites numerous statutes that are not listed as predicate statutes, three applicable predicate statutes have been cited: sections 2421(c), 2422 and 2423. Moreover, the factual allegations set forth in the Amended Complaint, construed in the light most favorable to Plaintiff, implicate these statutes. These allegations include: the interstate car trip that Doe and Schneider took together, during which illicit conduct occurred, and the subsequent move to Cambridge, Massachusetts, where Doe and Kenneth Schneider lived together and where the sexual abuse continued. (Amended Complaint, ¶¶ 21, 23, 25, 26). Consequently, we find that proper predicate statutes to section 2255 are alleged in the complaint, along with supporting facts.

Additionally, Doe's allegations are not, as claimed by Defendants, barred by the statute of limitations. Section 2255(b) states:

> Any action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

18 U.S.C. § 2255(b). This provision provides that the cause of action expires after six (6) years, if

5

at the end of that six (6) year period, a plaintiff is over eighteen (18).  However, if a plaintiff is still a minor after the six (6) years have passed, the cause of action expires when plaintiff turns twenty-one (21).

Defendants argue that because the abuse allegedly began when Doe was twelve (12), the statute of limitations expired when Doe turned eighteen (18) in 2004, or at the latest, three (3) years later, in 2007.  Thus, Defendants assert that because Plaintiffs filed this suit in August of 2008, it is time barred.  The Amended Complaint, however, sets forth allegations of illicit conduct occurring after August 12, 2002, and into 2003.  Consequently, Plaintiffs have filed suit within the six years required under § 2255(b).  Therefore, Defendants' Motion shall be denied as to Count I.[5]

## ASSAULT AND BATTERY - (Count II)

Defendants also allege that Doe's claim for assault and battery is barred by the statute of limitations.   In Pennsylvania, the statute of limitations for this type of assault and battery is set out in Section 5533.[6]

(b) Infancy.--

. . .

(2)(i) If an individual entitled to bring a civil action arising from childhood sexual abuse is under 18 years of age at the time the cause of action accrues, the individual shall have a period of 12 years after attaining 18 years of age in which to commence an action for damages regardless of whether the individual files a criminal complaint regarding the childhood sexual abuse.

---

[5]There may remain an issue as to whether § 2255(b) bars Doe from recovering on conduct allegedly occurring prior to August 12, 2002.  Because neither party has addressed this issue, we will not decide it at this time.

[6]The Amended Complaint does not specify which state statute/law Plaintiffs' assault and battery claim is based upon.  In their Motion, Defendants contend that any assault and battery claims under New York, Massachusetts, and Pennsylvania law have now expired.  In response to Defendants' Motion, Plaintiffs only address the statute of limitations under Pennsylvania law, and thus, we will assume that Plaintiffs are only pursuing a claim for assault and battery under Pennsylvania law.

42 Pa. C.S. § 5533(b)(2)(i).  Defendants assert that this twelve year limitation only applies to conduct that occurred after the statute's effective date of August 27, 2002.  See 1 Pa. C.S. § 1926 ("[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly"); Maycock v. Gravely Corp., 508 A.2d 330, 333 (Pa. Super. Ct. 1986) (holding that a prior version of 42 Pa. C.S. § 5533(b) does not contain any language implicating retroactivity). Defendants point out that prior to the August 27, 2002 effective date, the statute of limitations would be two years after attaining age eighteen (18).  See Apicella v. Valley Forge Military Academy and Junior College, 630 F.Supp. 20, 23 (E.D. Pa. 1985).  Specifically, Defendants claim that the assault and battery cause of action is barred because the Amended Complaint does not allege any illicit conduct in Pennsylvania after August 27, 2002.

We disagree with Defendants' position because the Amended Complaint alleges that Doe moved to Pennsylvania when he was sixteen (16), which would be in 2002, and that Schneider sexually abused him during this time.  Doe then attended a summer camp in the summer of 2002, wherein he alleges that the illicit conduct continued.  In May of 2003, the Complaint states that Doe returned to Kenneth Schneider's Pennsylvania home and then embarked on an interstate car trip during which the sexual abuse continued through their move to Cambridge.  (Amended Complaint, ¶¶ 21-26).  Construing the allegations in the light most favorable to Doe, and understanding the complaint can only be dismissed if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, we find that the Amended Complaint adequately alleges that sexual abuse occurred in Pennsylvania after August 27, 2002.  Therefore, § 5533 does apply, and thus, the complaint sufficiently alleges conduct within that section's twelve (12) year time period.   The statute of limitations does not bar Doe's claim for assault and battery.

7

**VICARIOUS LIABILITY/NEGLIGENT HIRING AND SUPERVISION - (Count III)**

Defendants, the Apogee Foundation, Marjorie Schneider, Susan Schneider and Bernard Schneider seek the dismissal of the vicarious liability and negligent hiring and supervision claims. We address each in turn.

In Pennsylvania, an employer is held vicariously liable for the negligent acts of an employee that cause injuries to third parties, provided that such acts were committed during the course of and within the scope of employment. See Fitzgerald v. McCutcheon, 410 A.2d 1270, 1271 (Pa. Super. Ct. 1979). Defendants argue that vicarious liability is not proper here because the Amended Complaint does not allege that any sexual abuse occurred within the scope of Kenneth Schneider's employment. We agree with Defendants' position and note that Doe does not oppose the dismissal of this claim. Thus, Plaintiffs' claim for vicarious liability is dismissed.

Regarding negligent hiring and supervision:

Under Pennsylvania law, an employer is subject to liability for harm resulting from his conduct if he is negligent or reckless 'in the employment of improper persons or instrumentalities in work involving risk of harm to others; . . . in the supervision of the activity; or . . . in permitting, or failure to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

Doe v. Liberatore, 478 F.Supp.2d 742, 760 (M.D. Pa. 2007) (citing R.A. ex rel. N.A. v. First Church of Christ, 748 A.2d 692, 697 (Pa. Super. Ct. 2000)). In his Amended Complaint, Doe alleges that The Apogee Foundation and Susan, Marjorie and Bernard Schneider failed to properly investigate Kenneth Schneider's background before hiring him and that they ignored the warning signs of illicit conduct once Kenneth Schneider was employed by Apogee (Amended Complaint, ¶¶49-53). These allegations are sufficient to make out a claim for negligent hiring and supervision.

**BREACH OF FIDUCIARY DUTY - (Count IV)**

Defendants next seek the dismissal of Doe's claim for breach of the fiduciary relationship between Doe the Defendants. "A person in a fiduciary relation to another is under a duty to act for the benefit of the other as to matters within the scope of the relation. . . Fiduciary relations include not only the relation of trustee and beneficiary, but also, among others, those of guardian and ward, agent and principal, attorney and client." Restatement (Second) of Trusts § 2 cmt. b (1959). The general test for determining the existence of a fiduciary relationship is whether it is clear that the parties did not deal on equal terms. Doe, 478 F.Supp.2d at 765 (citing Frowen v. Blank, 425 A.2d 412, 416 (Pa. 1981)); See also Vicky M. v. Northeastern Educational Intermediate Unit 19, 486 F.Supp.2d 437, 459 (M.D. Pa. 2007) (citing In re Estate of Clark, 359 A.2d 777, 781 (Pa. 1976) (a fiduciary relationship exists when parties do not deal with each other on equal terms, "either because of an overmastering dominance on one side, or weakness, dependence or justifiable trust, on the other")).

The Amended Complaint alleges that the parties were not on equal terms because of Doe's dependence on Defendants' financial support of his education and ballet career. The complaint further alleges that Kenneth Schneider took advantage of this dependence to sexually assault Plaintiff, that the other Defendants disregarded any warning signs of this abuse, and that Marjorie Schneider obtained a release from Doe, attempting to limit the Defendants' liability. (See generally, Amended Complaint). Viewed in the light most favorable to Doe, we find that he has properly pled a cause of action for breach of fiduciary duty. See Vicky M., 486 F.Supp.2d at 459 (denying a motion to dismiss a breach of fiduciary duty claim and finding that a special education teacher could be liable for failing to act in a student's interests).

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - (Count V)**

Defendants further argue for the dismissal of Wife's claim for negligent infliction of emotional distress against Marjorie Schneider.  In Pennsylvania, negligent infliction of emotional distress is dependent on the following factors: (1) whether plaintiff was located near the scene of the accident; (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident; and (3) whether plaintiff and the victim were closely related.  Love v. Cramer, 606 A.2d 1175, 1177 (Pa. Super. Ct. 1992).  Here, this cause of action is inapplicable as the complaint does not allege that Wife suffered emotional distress  as a result of a nearby accident.  In Count V, Wife alleges distress after hearing Defendants Marjorie and Kenneth Schneider threaten to send Doe back to Russia.  (Amended Complaint, ¶ 61).  As this allegation is not sufficient to make out a claim for negligent infliction of emotional distress, Count V will be dismissed.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - (Count VI)**

Defendants next seek the dismissal of Doe and Wife's claim of intentional infliction of emotional distress against Schneider's mother, Marjorie Schneider.  "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."  Hoffman v. Memorial Osteopathic Hosp., 492 A.2d 1382, 1386 (Pa. Super. Ct. 1985) (quoting Restatement (Second) of Torts §46(1)).

Count VI is based primarily on Marjorie Schneider's threats to deport Doe while he was in the hospital and her subsequent pressuring of Doe to sign a general release, which Plaintiffs claim were fraudulent.  (See generally, Amended Complaint.)  Defendants argue that Doe has failed to

allege that Marjorie Schneider intended to inflict emotional distress or that such distress resulted. Defendants further argue that the conduct here was not extreme or outrageous.

It is for the court to determine, in the first instance, whether the actor's conduct can reasonably be regarded as so extreme and outrageous as to permit recovery.  Reimer v. Tien, 514 A.2d 566, 569 (Pa. Super. Ct. 1986).  "Liability [for intentional infliction of emotional distress] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.'"  Strickland v. University of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997).

Given the general allegations in the complaint that Doe had been sexually abused over a period of eight (8) years by his primary financial supporter and then threatened with deportation and a cessation of support while in the hospital with depression, and viewing the complaint in the light most favorable to Plaintiffs, we find that the Marjorie Schneider's actions may reasonably be regarded as extreme and outrageous.  Further, the complaint states that the conduct caused severe emotional harm to Doe, specifically fear of deportation and fear of legal reprisal, which resulted in Doe requiring therapy and professional support.  (Amended Complaint, ¶ 65).  As such, Doe has sufficiently stated a claim for intentional infliction of emotional distress.

Wife, however, has failed to properly allege intentional infliction of emotional distress. Under the Restatement (Second) of Torts:

(2) Where [extreme and outrageous] conduct is directed at a third person, the actor

11

is subject to liability if he intentionally or recklessly causes severe emotional distress

> (a) to a member of such person's immediate family who is present at the time,
> whether or not such distress results in bodily harm, or
>
> (b) to any other person who is present at the time, if such distress results in
> bodily harm.

Restatement (Second) of Torts § 46(2) (cited by Taylor v. Albert Einstein Medical Ctr., 754 A.2d 650, 652 (Pa. 2000)).  According to the Amended Complaint, the alleged outrageous conduct in Count VI occurred in December 2006, and Doe and Wife were not married until February 2007. Because the complaint does not allege that Wife suffered any bodily harm and Wife was not yet a member of Doe's immediate family, Wife's claim for intentional infliction of emotional distress will be dismissed.

## THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") - (Count VII)

Count VII, brought under 18 U.S.C. § 1962, fails because Doe lacks standing to raise a RICO claim.  A "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting [a RICO] violation."  Sedima v. Imrex Co., 473 U.S. 479, 496 (1985); 18 U.S.C. § 1964(c).  The terms "business or property" are words of limitation.  Doe v. Roe, 958 F.2d 763, 767 (7th Cir. 1992).  Courts have interpreted "business or property" as excluding not only personal injuries, but also the pecuniary losses therefrom.  Id.; Grogan v. Platt, 835 F.2d 844, 847 (11th Cir. 1988).  An injury of mental distress is not an injury in "business or property."  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1169 (3d Cir. 1987).

The case of Magnum v. Archdiocese of Philadelphia, 2006 WL 3359642 (E.D. Pa. Nov. 17,

2006) is similar to the facts before this Court.  In <u>Magnum</u>, the plaintiffs claim that the defendants, "collectively engaged in a large-scale cover-up of a pattern of child abuse perpetrated by individual priests of the Philadelphia Archdiocese against numerous minor children."  <u>Id.</u> at *1.  In their complaint, the plaintiffs in <u>Magnum</u> alleged, <u>inter alia,</u> as damages the "severe emotional distress as a result of sexual abuse, resulting in loss of earnings and decreased earning capacities."  <u>Id.</u> at *3. The court held that the plaintiffs' claims for loss of earnings and decreased earning capacities were not an injury to "business or property."  <u>Id.</u>  Here, Count VII of the Amended Complaint does not include any allegations of business or property injury, but the complaint generally alleges that Doe's physical injuries caused a diminishment of his income and earning potential.

In his response, Doe argues that he has standing to bring a RICO claim because of the "lost professional opportunity and income the Plaintiff suffered."  (Plaintiffs' Resp., p. 7).  We find that Doe's allegations of injuries are nearly identical to the allegations made by the plaintiffs in <u>Magnum</u> and that these are not injuries to "business or property."[7]  Rather, Doe's alleged injuries are based upon the mental distress and physical injuries that negatively affected his future ballet career.  <u>See also</u> <u>Hamm v. Rhose-Poulenc Rorer Pharm., Inc.</u>, 187 F.3d 941, 954 (8th Cir. 1999) (damage to reputation is personal injury and not injury to "property or business"); <u>Gaines v. Texas Tech University</u>, 965 F.Supp. 886, 890 (N.D. Tex. 1997) (injured college football player does not have standing under RICO where injuries include loss of an NFL contract as a result of a knee injury). We therefore find that Plaintiff does not have standing to make a claim under RICO, and Count VII

---

[7] The court in <u>Magnum</u> also recognized a difference between the loss of employment (which may be "business of property") and loss of earning capacity (which is not "business of property").  Doe does not claim that he lost a particular job or that he was working at the time of the sexual abuse, just that his dancing career was negatively affected.  <u>Id.</u> at n.3 (citing <u>Diaz v. Gates</u>, 420 F.3d 897, 900 (9th Cir. 2005) and <u>Shearin v. E.F. Hutton Group, Inc.</u>, 885 F.2d 1162, 1170 (3d Cir. 1989)).

should be dismissed.[8]

## LOSS OF CONSORTIUM - (Count VIII)

Wife's loss of consortium claim will also be dismissed.  A claim for loss of consortium does not lie where the complaining party was not married to the injured party at the time of the injury. Vazquez v. Friedberg, 637 A.2d 300, 301 (Pa. Super. Ct. 1994).  Here all of the alleged injuries occurred prior to February of 2007, when Doe and Wife married.  Further, Wife does not object to the dismissal of this claim, therefore Defendants' Motion as to Count VIII shall be granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be granted in part and denied in part. Our Order follows.

---

[8]Since we will dismiss Doe's RICO claim on standing grounds, we need not address Defendants' other challenges to the RICO claim.