IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Richmond & Hevenor, Attorneys at Law
2019 Walnut Street
Philadelphia, PA 19103
By: Kenneth W. Richmond        Attorney for Plaintiffs

| | |
|---|---|
| JANE & JOHN DOE, | : |
| Plaintiffs | : CIVIL ACTION |
| v. | : No. 2:08-CV-03805 |
| KENNETH SCHNEIDER, *ET AL.* | : |

**MOTION TO STRIKE DEFENDANT.
KENNETH SCHNEIDER'S PLEADING
AND FOR SANCTIONS PERSUANT TO
F.R.C.P. 30 (d) (2) and 37**

AND NOW, comes Plaintiff, John Doe to respectfully request an ORDER Striking the Pleading of Defendant Kenneth Schneider and an ORDER for Sanctions and as grounds therefore, alleges that:

1. On November 16, 2009, Defendant Kenneth Schneider, a party to the litigation in the above captioned matter failed to appear for a deposition that had been properly noticed on November 6, 2009 by hand delivery of the attachment marked Exhibit "A".

2. The Notice of Deposition was scheduled pursuant to F.R.C.P. 30 long after legal representatives conferred as required by Rule 26(f). At no time prior to the

scheduled deposition did counsel for this Defendant notify these offices of either a date for his availability, or any verbal or written notice that he would not appear as scheduled, and therefore has impeded the Defendant's deposition in a manner forbidden by F.R.C.P. 30 (d)(2).

3.   On November 17, 2009, in a telephone conference, counsel for the Defense indicated that the Court's scheduled Rule 16 conference was responsive to their letter to the court requesting that discovery by the Plaintiff be delayed until after discovery of the Plaintiff's evidence is completed, therefore they were not required to produce the Defendant Kenneth Schneider for Depositions.

4.   At no time did the Defendant Kenneth Schneider seek a Protective Order, nor would the Defendant be entitled to a protective order.

5.   At the time and place noticed in Exhibit A, a stenographer from Varallo Incorporated, Andrea Brinton, RPR, CSR certified court reporter, appeared for the deposition of the Defendant, Kenneth Schneider and awaited, with counsel, for 30 minutes, until 10:00 AM, after which a statement was made for the record by the undersigned terminating the transcript.

6.   At approximately 3:30 PM, counsel for Kenneth Schneider filed and hand-delivered an Answer to the Amended Complaint.

7.  Counsel for the Plaintiff, John Doe spent four (4) full days in preparation for the deposition of the Defendant, Kenneth Schneider without having received any indication that he would fail to appear.

6.  Although Stephen R. Kurens appears to be the principle contact on this matter, several different members of the Defendant's law firm have collectively presented filings indicating they are all representing Kenneth Schneider and his co-defendants, to wit: Stephen R. Kurens, Richard Sprague, Thomas Sprague, Theodore J. Chylack and Thomas E. Groshens, yet no one conferred or cooperated with Plaintiff's counsel in scheduling the deposition of this defendant, nor have any reasons been asserted legally justifying the failure to appear for a deposition.

WHEREFORE, Plaintiff respectfully requests that the Answers to the Plaintiffs' Amended Complaint provided by Defendant Kenneth Schneider be stricken and that the Court Order monetary sanctions against the Defendant to compensate Plaintiffs' counsel for forty (40) hours invested in research and preparation for this critical deposition and the present motion, and for stenographic expenses.

Date:  November 17, 2009         By: _____/s/ Kenneth Richmond/_____
                                 Kenneth W. Richmond, Esq.
                                 RICHMOND & HEVENOR
                                 2019 Walnut Street
                                 Philadelphia, PA  19103
                                 215-523-9200
                                 Attorneys for Plaintiffs
                                 kennyrichmond@comcast.net

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Richmond & Hevenor, Attorneys at Law
2019 Walnut Street
Philadelphia, PA  19103
By: Kenneth W. Richmond              Attorney for Plaintiffs

---

| | |
|---|---|
| John and Jane Doe, h/w and individually : | |
| : | |
| Plaintiffs : | |
| v. : | |
| : | |
| Kenneth Schneider : | |
| and : | |
| The Apogee Foundation, et al. : | |
| Defendants : | CIVIL ACTION |
| : | |
| : | NO.:  08-cv-03805 |
| : | |
| : | Hon. Mitchell S. Goldberg |
| Defendants : | |

---

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR SANCTIONS
### UNDER F.R.C.P. 30(D)(2) AND 37

---

|  |  |
|---|---|
|  | RICHMOND & HEVENOR |
|  | Kenneth W. Richmond, Esq. |
|  | 2019 Walnut Street |
|  | Philadelphia, PA  19103 |
| November 18, 2009 | 215-523-9200 |
|  | Counsel for the Plaintiffs |

5

## I. <ins>INTRODUCTION</ins>

Plaintiff John Doe alleges that he is the victim of sexual abuse as an adolescent and sought the deposition of the party whom he claims victimized him. On October 30, 2009, counsel for the Plaintiff hand delivered correspondence to the defendants' attorney and provided a series of nine dates during November when he was available. The correspondence required a response to the dates by November 5. Having received no response of any kind, the plaintiff's attorney selected November 16, 2009 and hand delivered a formal notice of deposition on November 6, 2009 for Kenneth Schneider.

On November 13, 2009, a telephone message requesting only a call back was left on the voice mail at the plaintiff's firm and a written response was sent by facsimile requesting that the defense indicate in writing "any matter you are raising or wish to discuss." There was no response.

On November 16, 2009, a stenographer appeared at the plaintiff's firm at the appointed time and after one half hour, the transcript was terminated for the reason that the defendant Schneider failed to appear. There was no phone call or correspondence from the defense.

On November 17, 2009 the plaintiff's firm learned that the defense construed the Court's Rule 16 Order as a stay of discovery based upon the contents of their letter to the court. No motion for a protective order had been filed, nor any legal other grounds for a stay asserted except for a letter to the Court suggesting that it was "unfair" to permit the plaintiff to have discovery in the

6

context of the allegations raised by the Amended Complaint which are "vigourously denied" by the defendants.

## II. <u>ARGUMENT</u>

Rule 30(a) provides that a Deposition may be taken without leave of the court except as provided in Rule 30(a)(2). Rule 30(d)(2) and Rule 37 (a)(3)(C) likewise provides for sanctions on a person who impedes, delays or frustrates the fair examination of a deponent. A failure as described in 37 (d)(1)(A), (ie. (i) a party...fails, after being served with proper notice, to appear for that person's deposition) is grounds for Sanctions. It is unacceptable, under Rule 37(d)(2) not to appear on the grounds that the discovery sought was objectionable unless the party failing to act has a pending motion for a protective order under Rule 26(c). Even the filing of motion for protective order does not automatically relieve party from attending deposition; however, pendency of such motion and whether motion was filed in good faith may be factors court considers in determining whether failure to appear at deposition was substantially justified or that other circumstances make award of expenses unjust. *Alexander v FBI* (1998, DC Dist Col) 186 FRD 78. In addition to attorney fees, the Court may strike the party's pleading or prohibit the introduction of evidence on matters that would have been covered by the deposition.

A party served with notice of deposition is obliged to appear at time and place designated in notice, and if party fails to do so, that party is subject to

7

specified sanctions. *PrecisionFlow Techs. v CVD Equip. Corp.* (2000, ND NY) 198 FRD 33, 48 FR Serv 3d 911, affd, objection denied (2001, ND NY) 140 F Supp 2d 195.

## III CONCLUSION

Defendant, Kenneth Schneider has to be sanctioned in order to deter flagrant departures or unjustified exotic interpretations of the discovery rules. Without appropriate sanctions it will be necessary to revisit this issue again and again. The rules are clear and generally diligently followed without the need for court intervention. The defense refusal to communicate in any manner betrays a continuing disparaging and contemptuous treatment of the plaintiff's claims. Five days of extensive preparation were devoted to the examination of this defendant and anticipated issues relating to the pre-pleading denial set forth in the defense correspondence to the court, and the extensive body of material background information in the exclusive possession of this defendant.

Respectfully submitted,

/s/ *[signature]*
Kenneth W. Richmond, Esq.
RICHMOND & HEVENOR
2019 Walnut Street
Philadelphia, PA 19103
215-523-9200

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Richmond & Hevenor, Attorneys at Law
2019 Walnut Street
Philadelphia, PA  19103
By: Kenneth W./ Richmond                Attorney for Plaintiffs

---

JANE & JOHN DOE,                        :

             Plaintiffs       :   CIVIL ACTION

    v.                                :   No. 2:08-CV-03805

KENNETH SCHNEIDER, *ET AL.*             :

---

## CERTIFICATION
## UNDER  F.R.C.P.  37 (A)(1)

Counsel for the Plaintiff, John Doe hereby certifies that on November 13, 2009, Mr. Kurens left voice mail requesting a return phone call.  A facsimile response was sent within an hour to Mr. Kuren's published facsimile number requesting written information on the reason for the contact so that a record for the contact would exist.  On November 17, 2009 at 1:30 PM, a good faith attempt to reach accord with Mr. Kurens was attempted and he indicated that the Defendant would not be produced unless the Court instructed that he had to be produced.

Date:  November 17, 2009

/s/
_____
Kenneth W. Richmond, Esq.
RICHMOND & HEVENOR
2019 Walnut Street
Philadelphia, PA  19103
kennyrichmond@comcast.net

# EXHIBIT A

## RICHMOND & HEVENOR
Trial Attorneys
2019 Walnut Street
Philadelphia, Pa. 19103
215-523-9200
e-mail:kennyrichmond@comcast.net



Kenneth William Richmond, Esq.
E. William Hevenor, Esq.
Lauren Patricia Richmond

New Jersey Offices
Suite 333
1060 N. Kings. Hgwy.
Cherry Hill, NJ 08034
(609)667-7883
Fax (609)667-3477

November 6, 2009

Mr. Stephen R. Kurens, Esquire
SPRAGUE & SPRAGUE
Suite 400 – The Wellington Building
135 S. 19th. Street
Philadelphia, PA 19103-4912

Re: Doe v. Schneider, et al.

Dear Mr. Kurens,

    As you are aware the Rule 26(f) conference was last conducted on February 16, 2009 and to date you have provided no credit card, travel, bank, visa, passport, telephone, e-mail, correspondence or any other documentation, including the release that Richard Sprague made reference to in his threatening correspondence. We will move for Rule 26 Sanctions on November 10, 2009.

    Meanwhile please find a notice of deposition for Kenneth Schneider for November 16, 2009. Despite our request, you failed to indicate a convenient date from the nine provided in our correspondence dated October 30, 2009. Therefore Mr. Schneider will be deposed at these offices on November 16, 2009.

Very truly yours,

Kenneth W. Richmond

KWR/ec
encl: Ntc of Dep for Kenneth Schneider

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Richmond & Hevenor, Attorneys at Law
2019 Walnut Street
Philadelphia, PA 19103
By: Kenneth W./ Richmond         Attorney for Plaintiffs

---

| | |
|---|---|
| JANE & JOHN DOE, | : |
| Plaintiffs | :   CIVIL ACTION |
| v. | :   No. 2:08-CV-03805 |
| KENNETH SCHNEIDER, *ET AL.* | : |

---

### NOTICE OF DEPOSITION

TO: Stephen R. Kurens, Esquire
    SPRAGUE & SPRAGUE
    Suite 400 – The Wellington Building
    135 S. 19th. Street
    Philadelphia, PA 19103-4912

    Please take notice that the Plaintiffs, Jane and John Doe, will take the deposition of Defendant **Kenneth Schneider** under oath, upon oral examination pursuant to Rule 30 FRCP before a stenographer authorized by the Federal District Court of Pennsylvania to administer oaths. The deposition shall commence at 9:30 AM on November 16, 2009 at the offices of Richmond & Hevenor, 2019 Walnut Street, Philadelphia, PA 19103. The original stenographic transcript, together with Exhibits, if any shall be retained by Plaintiff's Counsel. You are invited to attend and participate as provided by the Rules.

Date: November 6, 2009        By: _____
                                                    Kenneth W. Richmond, Esq.
                                                    RICHMOND & HEVENOR
                                                    Attorneys for Plaintiffs

## CERTIFICATION OF SERVICE

      I, E. William Hevenor, Esq., Attorney for the Plaintiffs, hereby certify that on Friday, November 6, 2009, a copy of the foregoing Notice of Deposition was served by Hand Delivery to the offices of SPRAGUE & SPRAGUE, Suite 400 – The Wellington Building at 135 S. 19th. Street, Philadelphia, PA 19103-4912

Date:   November 6, 2009

_____
E. William Hevenor, Esq.
2019 Walnut Street
Philadelphia, PA  19103
215-523-9200
Pro Hac Counsel for Plaintiff

# RICHMOND & HEVENOR 

*TRIAL LAWYERS*
2019 Walnut Street
Philadelphia, PA 19103
(215) 523-9200
(267) 386-2175 – Fax
billhevenor@comcast.net
kennyrichmond@comcast.net

New Jersey Office
Suite 333
1060 North Kings Highway
Cherry Hill, NJ 08034
(856) 667-7883
(856) 667-3477 – Fax

Kenneth William Richmond, Esquire
E. William Hevenor, Esquire (PA & NJ)

## FAX TRANSMISSION COVER PAGE

Date:   11-13-09                            Number of Pages:   1
                                            (Including Cover Page)

TO:     Stephen Kurens, Esquire
Fax #:  215-561-6913

FROM:   E. William Hevenor/Kenneth W. Richmond

RE:     John and Jane Doe v. Kenneth Schneider et al.

Dear Mr. Kurens:

I have been alerted to a phone message from you at our Philadelphia office. Please correspond in writing any matter you are raising or wish to discuss. We will similarly respond in writing.

VTY

E. William Hevenor

```
                    *********************
                    ***   TX REPORT    ***
                    *********************

TRANSMISSION OK

TX/RX NO              0156
RECIPIENT ADDRESS     2155616913
DESTINATION ID
ST. TIME              11/13 13:14
TIME USE              00'16
PAGES SENT            1
RESULT                OK
```

## CERTIFICATE OF SERVICE

I, Kenneth W. Richmond, ESQUIRE, hereby certify that a true and correct copy of the foregoing Plaintiffs Motion for Sanctions was served this day upon the person indicated below *via facsimile* and e-mail transmittal from the Clerk for the Eastern District Court for Pennsylvania on November 18, 2009.

                                                                  RICHARD A. SPRAGUE, ESQUIRE
                                                                  THEODORE J. CHYLACK, ESQUIRE
                                                                  THOMAS E. GROSHENS, ESQUIRE
                                                                  LAWRENCE R. WOEHRLE, ESQUIRE
                                                                  STEPHEN KURENS, ESQUIRE
                                                                  135 S. 19th Street, Suite 400
                                                                  Philadelphia, PA 19103
                                                                  215-561-7681
                                                                  *Counsel for Defendants*

Dated: November 18, 2009                _____
                                                   Kenneth W. Richmond

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE & JOHN DOE, | : |
| Plaintiffs | : CIVIL ACTION |
| v. | : No. 2:08-CV-03805 |
| KENNETH SCHNEIDER, *ET AL.* | : |

O R D E R

AND NOW, this_____day of_____, 2009 after consideration of the Plaintiff's Motion to Strike and for Sanctions under F.R.C.P. 37, it is hereby ORDERED that Defendant, Kenneth Schneider is to appear for Depositions at the offices of Plaintiff's counsel before the date of: _____. Sanctions are hereby imposed upon the Defense in the amount of $_____. Defense pleadings of Kenneth Schneider are hereby STRICKEN.

_____

J.