IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE AND JOHN DOE,           :     CIVIL ACTION

        PLAINTIFFS,       :     NO. 2:08-CV-03805

        V.            :

KENNETH SCHNEIDER, *ET AL.*,   :
                      :

        DEFENDANTS.     :

## O R D E R

**AND NOW**, this _____ day of November 2009, upon consideration of plaintiff John Doe's Motion to Strike Defendant Kenneth Schneider's Pleading and for Sanctions Persuant (sic) to F.R.C.P. 30 (d) (2) and 37, and Kenneth Schneider's response in Opposition thereto, it is hereby **ORDERED** that plaintiff's Motion is **DENIED**.

BY THE COURT:

_____

**Goldberg, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE AND JOHN DOE, | : | CIVIL ACTION |
| PLAINTIFFS, | : | No. 2:08-CV-03805 |
| v. | : | |
| KENNETH SCHNEIDER, *ET AL.*, | : | |
| DEFENDANTS. | : | |

**DEFENDANT KENNETH SCHNEIDER'S ANSWER IN OPPOSITION TO
MOTION TO STRIKE DEFENDANT KENNETH SCHNEIDER'S PLEADING
AND FOR SANCTIONS PERSUANT (SIC) TO F.R.C.P. 30 (D)(2) AND 37**

Defendant Kenneth Schneider, by and through his counsel, Sprague & Sprague, files this

Answer in Opposition to Motion to Strike Defendant Kenneth Schneider's Pleading and for

Sanctions persuant (sic) to F.R.C.P. 30 (d) (2) and 37 ("Motion for Sanctions" or "Motion"), and

in support thereof avers as follows:

I.     **INTRODUCTION**

Plaintiff John Doe's Motion for Sanctions, alleging that defendant Kenneth Schneider

("Schneider") failed to appear for a deposition, is baseless. Indeed, the background of this

discovery dispute demonstrates plaintiff counsel's lack of good faith and failure to make any

reasonable effort to resolve this dispute before filing a sanctions motion. Critically, months

before plaintiff noticed Schneider's deposition, counsel for both parties expressly agreed that: (1)

plaintiff John Doe would be deposed *before* Schneider, and (2) plaintiff would not seek

Schneider's deposition until "further instruction from the Court." *See* Exhibit "A."

In flagrant violation of these express agreements, and even though this Court had not yet

scheduled a Rule 16 Conference, plaintiff demanded dates for Schneider's deposition

"forthwith." After receiving plaintiff's demand for dates, defense counsel advised the Court of,

*inter alia*, plaintiff's improper effort to depose Schneider and requested that the Court schedule a

Rule 16 Conference, at which defense counsel anticipated that disputes about discovery,

including the sequence and timing of discovery, could be resolved most efficiently. Plaintiff was copied on this letter request to the Court. The next business day, this Court issued an Order scheduling a Rule 16 Conference.

Despite plaintiff's prior agreements and the Court's Order scheduling the Rule 16 Conference, plaintiff's counsel never contacted Schneider's counsel to confirm whether Schneider would be produced on the date unilaterally noticed by plaintiff. On November 13, 2009 defense counsel contacted plaintiff's counsel to advise that Schneider would not be produced on the date noticed. Thus, when plaintiff filed his sanctions motion, plaintiff's counsel was fully aware that: (1) the Court had granted defendant's timely request and had scheduled a Rule 16 Conference, and (2) in light of the scheduled Rule 16 Conference – where disputed issues concerning the sequence and timing of discovery would be resolved – Schneider would not be produced on the improperly noticed date. Given these facts, plaintiff, not defendant, has acted in bad faith.

Plaintiff's argument that he is entitled to the harshest sanction -- the striking of Schneider's Answer to the First Amended Complaint -- is absurd. Rule 37 expressly provides that no sanctions (including any award of expenses) may be granted if either the movant failed to make good faith efforts to resolve the discovery dispute or where the non-disclosure was "substantially justified." Fed.R.Civ.P. 37(a)(5)(A). Here, defendant did not produce Schneider on the date noticed because plaintiff had expressly agreed that John Doe would be produced for deposition before Schneider and, in any event, that Schneider's deposition would not proceed without "further instruction from the Court." That "further instruction" would be provided by this Court at a Rule 16 Conference. Further, as discussed in detail in defendant's Memorandum of Law, federal case law supports the conclusion that defendant's request for a Rule 16 conference was the equivalent of a motion to preclude such deposition.

Finally, plaintiff cannot claim any prejudice from Schneider's refusal to appear at a deposition that was noticed in violation of plaintiff's own agreements as to the sequence and

timing of discovery. To the extent plaintiff's counsel allegedly spent four days preparing for a deposition -- to which he previously agreed he would not take until *after* John Doe's deposition and *after* "further instruction from the Court" -- he has suffered no prejudice because that preparation will be equally useful when Kenneth Schneider's deposition is ultimately taken. Thus, because Schneider's counsel proceeded in a manner wholly consistent with the parties' prior agreements, and because plaintiff's counsel brought a sanctions motion without making any reasonable effort to resolve the discovery dispute, plaintiff's Motion for Sanctions must be denied.

## II.    COUNTER- STATEMENT OF FACTS

Plaintiff's Motion fails to set forth any of the relevant history, *i.e.*, the parties' agreements that plaintiff would be deposed before Schneider, and that plaintiff would not seek Schneider's deposition until "further instruction from the Court." Accordingly, before setting forth defendant's specific responses to plaintiff's Motion, defendant sets forth below a brief narrative of the relevant facts.

1.      On September 2, 2008, plaintiff John Doe, a 22-year-old ballet dancer born in Russia and now residing in Arizona, filed a First Amended Complaint, alleging, *inter alia*, that he was sexually abused by Schneider.  Schneider emphatically and categorically denies each and every allegation of abuse set forth in plaintiff's First Amended Complaint.

2.      On October 13, 2008, defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint in its entirety.

3.      On January 8, 2009, defendants were the first to serve their Initial Disclosures as required by Fed.R.Civ.P. 26(a).  *See* Exhibit "B."

4.      By letter dated January 15, 2009, defendants were the first to request a meeting with plaintiff's counsel to prepare a joint discovery plan pursuant to Fed.R.Civ.P. 26(f)(1)-(3). *See* Exhibit "C."

3

5.    When plaintiff's counsel failed to respond to this request to meet, Schneider's counsel sent follow-up letters dated January 21 and 28, 2009. *See* Exhibit "D."

6.    On February 6 and 16, 2009, counsel for the parties met and discussed the requisite issues set forth in Rule 26(f).

7.    At the February 6, 2009 Rule 26(f) conference, plaintiff's counsel stated that John Doe knew of no witnesses and possessed no direct evidence corroborating any claims of sexual abuse by Schneider. Further, plaintiff's counsel stated he had no objection to John Doe being deposed before Schneider.[1]

8.    On February 27, 2009, defense counsel drafted its portion of the Rule 26(f) Conference Report and forwarded the document to plaintiff's counsel, requesting that counsel draft its portion of the Report so that a joint discovery plan could be promptly completed.[2] *See* Exhibit "G."

9.    On June 5, 2009, defense counsel received a deposition notice for Kenneth

---

[1] By letter dated April 20, 2009 to plaintiff's counsel, Schneider's counsel confirmed these points:

> We never agreed to produce Kenneth Schneider for deposition before Mr. Doe's deposition. To the contrary, given the conclusory nature of Mr. Doe's averments in his Amended Complaint, and the seriousness of these vague allegations, and your frank admission that Mr. Doe constitutes the only evidence supporting his allegations of sexual abuse, Mr. Schneider will not be produced for deposition until your client has testified regarding the specifics of the alleged acts of sexual abuse. *You stated that you had no objection to Mr. Doe being deposed first.*

*See* Exhibit "E" (emphasis added).

Plaintiff's counsel has never disavowed this confirmation of an agreement that John Doe would be deposed before Schneider. Indeed, on February 19, 2009, three days after the February meeting of counsel, in reliance on this agreement defendants served plaintiff with Interrogatories and a Request for Production of Documents in order to obtain information necessary to conduct John Doe's deposition.

[2] Despite defense counsel's repeated demands, plaintiff failed to provide its signed additions to the Rule 26(f) Conference Report until June 5, 2009.

Schneider and on that same day counsel for the parties met and again discussed the outstanding Rule 26(f) discovery issues. At the meeting, defense counsel stated that a notice for Schneider's deposition was improper because (1) plaintiff's counsel had agreed that John Doe would be deposed before Schneider; (2) that no Rule 16 Conference to receive instruction from the Court on discovery issues - including the sequence of the depositions - had been scheduled; (3) that Defendants' Motion to Dismiss was pending, and (4) plaintiff had not completed his portion of the Joint Rule 26(f) Conference Report, despite having defendants' portion of the Report since February, 2009. In response to these points, plaintiff's counsel acknowledged the need for Rule 16 Conference guidance, reiterated that plaintiff's counsel would draft plaintiff's section of the Joint Rule 26(f) Conference Report and asked defense counsel to supply case law supporting Schneider's position that discovery should be stayed until this Court ruled on the outstanding Rule 12(b)(6) motion.

10.     Later that day, plaintiff served defendants with an executed, re-typed copy of the Joint Rule 26(f) Conference Report that defendants had sent to plaintiff's counsel over three (3) months prior. *See* Exhibit "H."

11.     As promised at the June 5 conference, on June 11, 2009, defense counsel provided plaintiff's counsel with case law supporting a stay of discovery until a ruling on the 12(b)(6) motion and repeated their request that plaintiffs withdraw the Notice of Deposition for Schneider. *See* Exhibit "I."

12.     On June 12, 2009, confirming the agreement reached at the June 5 meeting that discovery should not proceed without Rule 16 Conference guidance, plaintiff's counsel advised defense counsel: "[W]e are formally withdrawing the deposition notice of Kenneth Schneider without prejudice, *pending further instruction from the Court*." *See* Exhibit "A." (Emphasis added).

13.     The parties had no further communications regarding discovery until the Court issued its October 29, 2009 Order and Opinion, granting in part and denying in part defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.

14.     The very next day, in blatant breach of the parties' agreement that John Doe would be produced for deposition before Schneider and, in any event, that Schneider's deposition would not proceed without "further instruction from the Court," plaintiff's counsel demanded dates for Schneider's deposition. *See* Exhibit "J."

15.     Upon receiving plaintiff's request to depose Schneider -- and before defendants had received any notice of deposition directed to Schneider -- defendants requested that this Court schedule a Rule 16 Conference. Among the issues raised by defense counsel's request was the appropriate timing of Schneider's deposition. *See* Exhibit "K."

16.     On the next business day, this Court issued an Order scheduling a Rule 16 Conference. *See* Exhibit "L."

17.     Notwithstanding (1) plaintiff's counsel's prior agreement that he would not depose Schneider until "further instruction from the Court" and *after* John Doe's deposition, (2) plaintiff's counsel's knowledge that defense counsel had already requested a Rule 16 Conference, and (3) plaintiff's counsel's knowledge that Schneider is often out of the country, plaintiff's counsel unilaterally issued on November 6, 2009 a Notice of Deposition for Schneider's deposition to take place on November 16, 2009 – a mere ten (10) days later.

18.     After serving a Notice of Deposition in which plaintiff's counsel unilaterally selected the date of deposition, plaintiff's counsel did not call defense counsel to confirm whether Schneider would be produced for the deposition on the noticed date, even though plaintiff's counsel was well aware that Schneider is often out of the country. Indeed, plaintiff's counsel failed to ask for such confirmation even after receiving defense counsel's request for a Rule 16 conference, the Court's Order promptly scheduling a Rule 16 Conference, and the June 2009 agreement that Schneider's deposition would not proceed without "further instruction from

6

the Court," and indeed, would take place only after plaintiff John Doe's deposition had been completed.

19.     On November 13, 2009 – three days before the date unilaterally noticed by plaintiff's counsel – defense counsel left a telephone message with plaintiff's counsel's secretary confirming that Schneider would not be produced on November 16, 2009. *See* affidavit of counsel, attached as Exhibit "M."

20.     The Federal Rules do not permit sanctions to be imposed under these circumstances, as more fully discussed in the accompanying Memorandum of Law.

## III.   **SPECIFIC RESPONSES TO PLAINTIFF'S MOTION**

1-2.    Denied as stated for the reasons set forth in paragraphs 1-20, *supra*.

3.      Denied as stated. *See* affidavit of Stephen R. Kurens, Esquire, attached as Exhibit "M."

4.      Denied.  On receiving plaintiff's request to take Schneider's deposition -- and before receiving plaintiff's Notice of Deposition -- defense counsel requested in writing that this Court schedule a Rule 16 conference to address and resolve the parties' outstanding discovery disputes, including the timing of Schneider's deposition. *See* Exhibit "K."  Promptly on receipt of this request, this Court issued an Order setting down a Rule 16 conference for November 24, 2009. *See* Exhibit "L." Given that no discovery was contemplated by the parties before the Rule 16 conference, that no discovery had occurred and that the parties had agreed that Kenneth Schneider's deposition would not precede the deposition of John Doe and would not be taken until "further instruction from the Court," defense counsel, by promptly advising the Court that a Rule 16 conference was desired before discovery began, reasonably assumed – as courts have held – that counsel's request for a conference would serve as the functional equivalent of a motion for a protective order.

5.      Defendants are without knowledge and information sufficient to admit or deny the averments of this paragraph.

7

6.      Admitted.

7.      Defendants are without knowledge and information sufficient to admit or deny the averments of this paragraph.

6 (sic). Denied for the reasons set forth in paragraphs 1-20, *supra*.

WHEREFORE, defendants respectfully request that this Honorable Court enter an Order denying plaintiff's Motion for Sanctions.

Respectfully submitted,

**SPRAGUE & SPRAGUE**

By:   /s/ Theodore J. Chylack
      Richard A. Sprague (I.D. #04266)
      Theodore J. Chylack (I.D. #30608)
      Stephen R. Kurens (I.D. #45028)
      Thomas E. Groshens (I.D. #51118)

      The Wellington Building, Suite 400
      135 South 19th Street
      Philadelphia, PA 191 03–4912
      (215) 561-7681

      *Attorneys for Defendant Kenneth Schneider*

DATE:  November 23, 2009

8

## CERTIFICATE OF SERVICE

I, Theodore J. Chylack, Esquire, hereby certify that on this day I caused the originals of Defendant Kenneth Schneider's Answer in Opposition to Motion for Sanctions and Accompanying Memorandum of Law to be filed through the Court's ECF system, with a true and correct copy hand delivered to Plaintiffs' counsel at the following address:

Kenneth W. Richmond, Esquire
E. William Hevenor, Esquire
RICHMOND & HEVENOR
2019 Walnut Street, 4th Floor
Philadelphia, PA 19103

/s/ Theodore J. Chylack
Theodore J. Chylack

Date: __November 23, 2009__

Exhibit "A"

# RICHMOND & HEVENOR

## Attorneys at Law

### 2019 Walnut Street
### Philadelphia, Pa. 19103

215-523-9200
(fax) 215-523-9214
e-mail: kennyrichmond@comcast.net
richmond-hevenor@comcast.net

Kenneth William Richmond, Esq.
E. William Hevenor, Esq.
Lauren Patricia Richmond, Esq.

New Jersey Offices
Suite 333
1060 N. Kings. Hgwy.
Cherry Hill, NJ 08034
(609)667-7883
Fax (609)667-3477

June 12, 2009

Stephen R. Kurens, Esq.
SPRAGUE & SPRAGUE
135 S. 19th. Street
Suite 400
Philadelphia, PA. 19103-4912

By: Facsimile 215-561-6913

Re: Doe v. Schneider, et al.

Dear Stephen,

We have reviewed *Weisman v. Mediq, Inc.*, and Judge Rendell's analysis. Discovery, under the present circumstance, is an exercise of judicial discretion and there is far more authority for denying a stay. But, for reasons un related either to Judge Rendell's ruling, or your opinion as to the merits, we are formally withdrawing the deposition notice of Kenneth Schneider without prejudice, pending further instruction from the Court.

Very truly yours,

/s/_____

Kenneth W. Richmond

KWR/ec

Exhibit "B"

LAW OFFICES

# SPRAGUE & SPRAGUE

SUITE 400
THE WELLINGTON BUILDING
135 S. 19TH STREET
PHILADELPHIA, PENNSYLVANIA 19103-4912

(215) 561-7681
TELECOPIER: (215) 561-6913
E-MAIL: Lawfirm@SpragueandSprague.com
OF COUNSEL
FRANCIS J. CATANIA

RICHARD A. SPRAGUE • •
THOMAS A. SPRAGUE • †
GEOFFREY R. JOHNSON
CHARLES J. HARDY
JOSEPH R. PODRAZA, JR. •
THEODORE J. CHYLACK •
STEPHEN R. KURENS •
MARK B. SHEPPARD
THOMAS E. GROSHENS
LAWRENCE R. WOEHRLE •
AUSTIN R. FREUNDLICH •

NEW JERSEY OFFICE
76 EUCLID AVENUE
HADDONFIELD, NJ 08033
(856) 216-1212
FAX (856) 354-2322

† MANAGING ATTORNEY
FOR NEW JERSEY

• ALSO MEMBER NJ BAR.
• • ALSO MEMBER NY BAR.

January 8, 2009

**VIA HAND DELIVERY & FACSIMILE**

Kenneth W. Richmond, Esquire
E. William Hevenor, Esquire
RICHMOND & HEVENOR
2019 Walnut Street, 4th Floor
Philadelphia, PA 19103

Re:   *Jane and John Doe v. Kenneth Schneider, et al.*

Gentlemen:

Enclosed please find Defendants' Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a) with regard to the above-captioned matter.

Very truly yours,

Stephen R. Kurens

SRK/nlc
Enclosure

**Exhibit "C"**

LAW OFFICES

## SPRAGUE & SPRAGUE

SUITE 400
THE WELLINGTON BUILDING
135 S. 19TH STREET
PHILADELPHIA, PENNSYLVANIA 19103-4912

(215) 561-7681
TELECOPIER: (215) 561-6913
E-MAIL: LawFirm@SpragueandSprague.com
OF COUNSEL
FRANCIS J. CATANIA

RICHARD A. SPRAGUE **
THOMAS A. SPRAGUE * †
GEOFFREY R. JOHNSON
CHARLES J. HARDY
JOSEPH R. PODRAZA, JR. *
THEODORE J. CHYLACK
STEPHEN R. KURENS *
MARK B. SHEPPARD
THOMAS E. GROSHENS
LAWRENCE R. WOEHRLE *
AUSTIN R. FREUNDLICH *

NEW JERSEY OFFICE
76 EUCLID AVENUE
HADDONFIELD, NJ 08033
(856) 216-1212
FAX (856) 354-2322

† MANAGING ATTORNEY
FOR NEW JERSEY

* ALSO MEMBER NJ BAR
** ALSO MEMBER NY BAR

January 15, 2009

**_Via_ HAND DELIVERY & FACSIMILE**

Kenneth W. Richmond, Esquire
E. William Hevenor, Esquire
RICHMOND & HEVENOR
2019 Walnut Street, 4th Floor
Philadelphia, PA 19103

     Re:   **Jane and John Doe v. Kenneth Schneider, _et al._**

Gentlemen:

     As you know, pursuant to Fed.R.Civ.P. 26(f) counsel is required to confer regarding, _inter alia_, developing a "proposed discovery plan." See Fed.R.Civ.P. 26(f)(1), (3).   Please contact me immediately to arrange a conference.

     Additionally, plaintiffs' Initial Disclosures are overdue.  Kindly advise when plaintiffs shall be serving them.

                  Very truly yours,

                  Stephen R. Kurens

SRK:srk

**Exhibit "D"**

LAW OFFICES

# SPRAGUE & SPRAGUE

SUITE 400
THE WELLINGTON BUILDING
135 S. 19TH STREET
PHILADELPHIA, PENNSYLVANIA 19103-4912
(215) 561-7681
TELECOPIER: (215) 561-6913
E-MAIL: LAWFIRM@SPRAGUEANDSPRAGUE.COM

OF COUNSEL
FRANCIS J. CATANIA

RICHARD A. SPRAGUE • •
THOMAS A. SPRAGUE • †
GEOFFREY R. JOHNSON
CHARLES J. HARDY
JOSEPH R. PODRAZA, JR. •
THEODORE J. CHYLACK •
STEPHEN R. KURENS •
MARK B. SHEPPARD
THOMAS E. GROSHENS
LAWRENCE R. WOEHRLE •
AUSTIN R. FREUNDLICH •

• ALSO MEMBER NJ BAR
• • ALSO MEMBER NY BAR

NEW JERSEY OFFICE
76 EUCLID AVENUE
HADDONFIELD, NJ 08033
(856) 216-1212
FAX (856) 354-2322

† MANAGING ATTORNEY
FOR NEW JERSEY

January 28, 2009

*VIA* FACSIMILE

Kenneth W. Richmond, Esquire
RICHMOND & HEVENOR
2019 Walnut Street, 4th Floor
Philadelphia, PA 19103

Re:   Jane and John Doe v. Kenneth Schneider, *et al.*

Dear Mr. Richmond:

Enclosed is another copy of my January 21, 2009 letter, which requested that you provide me with dates for us to meet to conduct a Rule 26(f) conference. Unfortunately, I have received no response from you, nor have I received any word from your office regarding when we will receive your clients' initial disclosures.

Given the significant number and international residences of potential witnesses in this case, it is important that we meet to prepare a workable discovery plan for the Court. Neither side can unilaterally prepare a discovery plan without prior, mutual discussion. Accordingly, I would ask that you contact me by no later than noon on Monday, February 2, 2009 with dates for the week of February 9, 2009 on which we can conduct the Rule 26(f) conference.

If I do not hear from you, we will notify the Court of your clients' unwillingness to cooperate in complying with the parties' discovery obligations.

Very truly yours,

STEPHEN R. KURENS

SRK:srk
Enclosure

LAW OFFICES

# SPRAGUE & SPRAGUE

SUITE 400
THE WELLINGTON BUILDING
135 S. 19TH STREET
PHILADELPHIA, PENNSYLVANIA 19103-4912
(215) 561-7681
TELECOPIER: (215) 561-6913
E-Mail: Lawfirm@SpragueandSprague.com

'RICHARD A. SPRAGUE**
THOMAS A. SPRAGUE*†
'GEOFFREY R. JOHNSON
CHARLES J. HARDY
JOSEPH R. PODRAZA, JR.*
THEODORE J. CHYLACK
STEPHEN R. KURENS*
MARK B. SHEPPARD
THOMAS E. GROSHENS
LAWRENCE R. WOEHRLE*
AUSTIN R. FREUNDLICH*

* ALSO MEMBER NJ BAR
** ALSO MEMBER NY BAR

NEW JERSEY OFFICE
76 EUCLID AVENUE
HADDONFIELD, NJ 08033
(856) 216-1212
FAX (856) 354-2322

†MANAGING ATTORNEY
FOR NEW JERSEY

OF COUNSEL
FRANCIS J. CATANIA
January 21, 2009

*VIA* FACSIMILE

Kenneth W. Richmond, Esquire
RICHMOND & HEVENOR
2019 Walnut Street, 4th Floor
Philadelphia, PA 19103

Re:   **Jane and John Doe v. Kenneth Schneider, *et al.***

Dear Mr. Richmond:

This confirms our telephone conversation yesterday in the above matter, in which you agreed to proceed with a Rule 26(f) conference and the exchange of Initial Disclosures in the above matter. We discussed conducting the conference without a face-to-face meeting, *i.e.*, exchanging written proposed discovery plans and thereafter trying to resolve any differences between our respective plans *via* a telephone conference. After further reflection on your comment that Rule 26(f) does not contemplate a face-to-face conference, I believe you are incorrect. Indeed, Judge Goldberg's internal policies indicate that the Rule 26(f) conference is to be conducted in person.

Moreover, Rule 26(f) requires that the parties discuss a number of matters beyond just the timing of discovery, including the nature and basis of their respective claims and defenses, and the preservation of evidence, including electronically stored information. Accordingly, as the parties are now drafting their proposed discovery plans, I would ask that you contact me at your earliest convenience with several dates for a Rule 26(f) conference.

SPRAGUE & SPRAGUE

Kenneth W. Richmond, Esquire
January 21, 2009
Page 2


    This also confirms your agreement to serve plaintiffs' Initial Disclosures within approximately one week.  Thank you for your cooperation.


        Very truly yours,



        STEPHEN R. KURENS

SRK:srk

Exhibit "E"

LAW OFFICES

**SPRAGUE & SPRAGUE**

SUITE 400
THE WELLINGTON BUILDING
135 S. 19TH STREET
PHILADELPHIA, PENNSYLVANIA 19103-4912
(215) 561-7681
TELECOPIER: (215) 561-6913
E-MAIL: LAWFIRM@SPRAGUEANDSPRAGUE.COM
OF COUNSEL
FRANCIS J. CATANIA

RICHARD A. SPRAGUE **
THOMAS A. SPRAGUE †
GEOFFREY R. JOHNSON
CHARLES J. HARDY
JOSEPH R. PODRAZA, JR.*
THEODORE J. CHYLACK
STEPHEN R. KURENS*
THOMAS E. GROSHENS
LAWRENCE R. WOEHRLE*
AUSTIN R. FREUNDLICH*

•   ALSO MEMBER NJ BAR
• •  ALSO MEMBER NY BAR

NEW JERSEY OFFICE
76 EUCLID AVENUE
HADDONFIELD, NJ 08033
(856) 216-1212
FAX (856) 354-2322

†MANAGING ATTORNEY
FOR NEW JERSEY

April 20, 2009

_VIA_ FACSIMILE

E. William Hevenor, Esquire
RICHMOND & HEVENOR
2019 Walnut Street, 4th Floor
Philadelphia, PA 19103

Re: **Jane and John Doe v. Kenneth Schneider, _et al._**

Dear Bill:

Your April 15, 2009 letter misstates the substance of our conferences to date. This will restate the pertinent discovery issues discussed by the parties with regard to our respective clients' depositions.

First, we never agreed to produce Kenneth Schneider for deposition before the Court decided defendants' pending motion to dismiss. To the contrary, producing Mr. Schneider before the Court has addressed and dismissed or narrowed the claims and issues between the parties would subject Mr. Schneider to needless questioning on what may be defective claims.

Second, we never agreed to produce Kenneth Schneider for deposition before Mr. Doe's deposition. To the contrary, given the conclusory nature of Mr. Doe's averments in his Amended Complaint, and the seriousness of these vague allegations, and your frank admission that Mr. Doe constitutes the only evidence supporting his allegations of sexual abuse, Mr. Schneider will not be produced for deposition until your client has testified regarding the specifics of the alleged acts of sexual abuse. You stated that you had no objection to Mr. Doe being deposed first.

Third, I do not believe that we indicated that Mr. Schneider would "refuse to testify" because of the alleged criminal investigation into his conduct. To the contrary, I believe we

SPRAGUE & SPRAGUE

E. William Hevenor, Esquire
April 20, 2009
Page 2

indicated at our conference that whether Mr. Schneider chooses to assert his Fifth Amendment rights is a matter that can be determined only on a question-by-question basis.

Finally, your implication that defendants have delayed discovery is incorrect, inasmuch as

1.  defendants produced their self-executing disclosures long before plaintiffs produced theirs;

2.  despite your repeated reassurances to the contrary, plaintiffs have yet to produce their long-overdue responses to defendants' interrogatories and requests for production of documents, while to date plaintiffs have served no discovery; indeed, over three weeks ago, you stated that you hoped to serve plaintiffs' answers to defendants' discovery in two weeks;

3.  despite the fact that by letter dated February 27, 2009, defendants served plaintiffs with defendants' Joint Rule 26(f) Conference Report, plaintiffs have never completed the Report by providing their pertinent information; and

4.  although by letter dated February 19, 2009, defendants requested that Mr. Doe produce "within the next few days . . . all of Mr. Doe's and Mrs. Doe's current and prior email addresses as well as cell phone and land line numbers," and despite your assurances that this information would be promptly provided, there has been no response to date.

In short, although your client bears the burden of proving his inflammatory accusations, since attending the Rule 26(f) conference – which defendants initiated – plaintiffs have engaged in no discovery. By way of further example, despite your assurances plaintiffs have failed to produce the records of Mr. Doe's treating psychologist.

To try to get things moving, I would respectfully suggest that you provide us with your additions and comments to our draft Rule 26 Report, produce a complete copy of the

SPRAGUE & SPRAGUE

E. William Hevenor, Esquire
April 20, 2009
Page 3

psychologist's records, serve plaintiffs' discovery responses, and identify plaintiffs' current and prior email addresses as well as cell phone and land line numbers.  Once this has been done, we will all be in a better position to determine the next step.

Very truly yours,

STEPHEN R. KURENS

SRK:srk

**Exhibit "F"**

LAW OFFICES

# SPRAGUE & SPRAGUE

SUITE 400
THE WELLINGTON BUILDING
135 S. 19TH STREET
PHILADELPHIA, PENNSYLVANIA 19103-4912

(215) 561-7681
TELECOPIER: (215) 561-6913
E-MAIL: Lawfirm@SpragueandSprague.com
OF COUNSEL
FRANCIS J. CATANIA

February 19, 2009

RICHARD A. SPRAGUE **
THOMAS A. SPRAGUE *†
GEOFFREY R. JOHNSON
CHARLES J. HARDY
JOSEPH R. PODRAZA, JR. *
THEODORE J. CHYLACK
STEPHEN R. KURENS *
MARK B. SHEPPARD
THOMAS E. GROSHENS
LAWRENCE R. WOEHRLE *
AUSTIN R. FREUNDLICH *

* ALSO MEMBER NJ BAR
** ALSO MEMBER NY BAR

NEW JERSEY OFFICE
76 EUCLID AVENUE
HADDONFIELD, NJ 08033
(856) 216-1212
FAX (856) 354-2322

† MANAGING ATTORNEY
FOR NEW JERSEY

_**VIA HAND DELIVERY**_

Kenneth W. Richmond, Esquire
E. William Hevenor, Esquire
RICHMOND & HEVENOR
2019 Walnut Street, 4th Floor
Philadelphia, PA 19103

      **Re:**    <u>Jane and John Doe v. Kenneth Schneider</u>, _et al._

Gentlemen:

    Inasmuch as the parties have conducted the Rule 26(f) conference, I am enclosing defendants' First Set of Interrogatories and First Set of Request for Production in the above matter, which are to be answered within the time period set forth in the Federal Rules of Civil Procedure.

    Pursuant to your agreement to cooperate in expediting discovery, I would ask that you provide me within the next few days with all of Mr. Doe's and Mrs. Doe's current and prior email addresses as well as cell phone and land line numbers.

    Thank you for your cooperation.

               Very truly yours,

               STEPHEN R. KURENS

SRK:srk
Enclosures

**Exhibit "G"**

LAW OFFICES

# SPRAGUE & SPRAGUE

SUITE 400
THE WELLINGTON BUILDING
135 S. 19TH STREET
PHILADELPHIA, PENNSYLVANIA 19103-4912
(215) 561-7681
TELECOPIER: (215) 561-6913
E-MAIL: LAWFIRM@SPRAGUEANDSPRAGUE.COM
OF COUNSEL
FRANCIS J. CATANIA

RICHARD A. SPRAGUE * *
THOMAS A. SPRAGUE * †
GEOFFREY R. JOHNSON
CHARLES J. HARDY
JOSEPH R. PODRAZA, JR. *
THEODORE J. CHYLACK
STEPHEN R. KURENS * *
MARK B. SHEPPARD
THOMAS E. GROSHENS
LAWRENCE R. WOEHRLE *
AUSTIN R. FREUNDLICH *

*   ALSO MEMBER NJ BAR.
* * ALSO MEMBER NY BAR.

NEW JERSEY OFFICE
76 EUCLID AVENUE
HADDONFIELD, NJ 08033
(856) 216-1212
FAX (856) 354-2322

† MANAGING ATTORNEY
FOR NEW JERSEY

February 27, 2009

_VIA_ FACSIMILE

Kenneth W. Richmond, Esquire
RICHMOND & HEVENOR
2019 Walnut Street, 4th Floor
Philadelphia, PA 19103

      Re:    **Jane and John Doe v. Kenneth Schneider, _et al._**

Dear Ken:

    Per our telephone conversation earlier today, I am enclosing defendants' draft Joint Rule 26(f) Conference Report in the above matter. As I told you, this draft contains some material which may not have been addressed in detail at our meetings, but should be covered in the Report, such as the possibility of an ADR conference. I have also explicitly referenced points in the draft Report where plaintiffs should insert specific information, such as their anticipated areas of discovery.

    Please review and discuss this with me or Ted at your earliest convenience. Thanks.

                Very truly yours,

                STEPHEN R. KURENS

SRK:srk
Enclosure

**Exhibit "H"**

## RICHMOND & HEVENOR

Attorneys at Law
2019 Walnut Street
Philadelphia, Pa. 19103

215-523-9200
(fax) 215-523-9214
e-mail: kennyrichmond@comcast.net

Kenneth William Richmond, Esq.
E. William Hevenor, Esq.

New Jersey Offices
Suite 333
1060 N. Kings. Hgwy.
Cherry Hill, NJ 08034
(609)667-7883
Fax (609)667-3477

HAND DELIVERED

June 5, 2009

Stephen R. Kurens, Esq.
SPRAGUE & SPRAGUE
Suite 400- The Wellington Bldg.
135 S. 19th Street
Philadelphia, PA 19103

Re: John & Jane Doe v. Schneider, et al.

Dear Stephen,

We are supplementing our earlier Rule 26 Disclosures with the attachments. These are the psychological records that are now in our possession. To clarify, you have indicated that neither you nor any of your clients have travel, expense, lease, credit card or bank checking records relating to the period of time alleged in the complaint.

We have attached the Rule 26(f) conference proposal which outlines the Plaintiffs' position and redacts some of the verbiage that has not been pleaded or made a matter of record.

In order to clarify your position on the scheduled depositions, we suggest you proceed according to the rules and obtain a protective order. We require the deposition of the defendant(s) to supplement our responses to your 12(b0(6) motion.

Stephen R. Kurens, Esq.
June 5, 2009
Page 2

     As of this moment, you have provided no reason for a date change on the deposition.

Very truly yours,

Kenneth W. Richmond

KWR/ec
encl:  Rule 26(f) Conference Report
    :  Medical/Psychological Records
      ① Bryn Mawr Hospital
      ② Dr. Bates
      ③ Dr. Toys

**Exhibit "I"**

LAW OFFICES

# SPRAGUE & SPRAGUE

SUITE 400
THE WELLINGTON BUILDING
135 S. 19TH STREET
PHILADELPHIA, PENNSYLVANIA 19103-4912
(215) 561-7681
TELECOPIER: (215) 561-6913
E-Mail: Lawfirm@SpragueandSprague.com

OF COUNSEL
FRANCIS J. CATANIA

RICHARD A. SPRAGUE * *
THOMAS A. SPRAGUE * †
GEOFFREY R. JOHNSON
CHARLES J. HARDY
JOSEPH R. PODRAZA, JR. *
THEODORE J. CHYLACK *
STEPHEN R. KURENS
THOMAS E. GROSHENS
LAWRENCE R. WOEHRLE *
AUSTIN R. FREUNDLICH *

* ALSO MEMBER NJ BAR
* * ALSO MEMBER NY BAR

NEW JERSEY OFFICE
76 EUCLID AVENUE
HADDONFIELD, NJ 08033
(856) 216-1212
FAX (856) 354-2322

† MANAGING ATTORNEY
FOR NEW JERSEY

June 11, 2009

<u>*Via* Facsimile: 215.523.9214</u>

Kenneth W. Richmond, Esquire
RICHMOND & HEVENOR
2019 Walnut Street, 4th Floor
Philadelphia, PA 19103

Re:   <u>Jane and John Doe v. Kenneth Schneider, *et al.*</u>

Dear Ken:

This will address plaintiffs' Notice of Deposition, which directs defendant Kenneth Schneider to appear on June 29, 2009. I am reiterating our request, made at our recent conference, that plaintiffs withdraw the Notice and stay discovery pending the Court's resolution of defendants' Motion to Dismiss. An unbroken line of federal case law stands for the propositions that (a) the courts are empowered under Rule 26(c) to impose a stay of discovery upon a showing of good cause, and (b) a stay is proper where a motion to dismiss is pending, and the likelihood that the motion may result in a narrowing or elimination of discovery outweighs the harm, if any, produced by delaying discovery. *See, e.g., Weisman v. Mediq, Inc.*, 1995 U.S. Dist. LEXIS 5900 (E.D.Pa., May 3, 1995).

A stay of discovery is warranted under this line of case law, inasmuch as defendants' Motion to Dismiss requires no discovery, and its resolution may result in the substantial narrowing and/or dismissal of plaintiffs' claims. No legitimate purpose is served by allowing discovery to go forward before the Court has determined the issues in dispute in this matter. On the other hand, plaintiffs will suffer no prejudice from a stay of discovery. Accordingly, defendants respectfully request that plaintiffs withdraw their Notice of Deposition and agree to a stay of discovery. Please advise.

Very truly yours,

STEPHEN R. KURENS

SRK/srk

**Exhibit "J"**

# RICHMOND & HEVENOR

### *TRIAL LAWYERS*

2019 Walnut Street
Philadelphia, PA 19103
(215) 523-9200
(267) 386-2175 – Fax
billhevenor@comcast.net

New Jersey Office
Suite 333
1060 North Kings Highway
Cherry Hill, NJ 08034
(856)667-7883
(856)667-3477 - Fax

Kenneth William Richmond, Esquire
E. William Hevenor, Esquire (PA & NJ)

### October 30, 2009

### *HAND DELIVERED*

Stephen R. Kurens, Esquire
SPRAGUE & SPRAGUE
Suite 400 – The Wellington Building
135 S. 19th Street
Philadelphia, PA 19103-4912

Re:   **John & Jane Doe v. Kenneth Schneider et al.**
      **No.: 2:08cv03805 (USDC- Eastern District)**

Dear Mr. Kurens:

Since January 8, 2009 you have failed to produce the documents in the possession, custody or control of the defendants pursuant to Rule 26, including but not limited to the so called "written release" you have referred to in writing, as well as all travel receipts, all credit card, domestic and foreign bank account and telephone statements for all defendants. If these are not produced on or before November 10, 2009, we will move for Rule 26 sanctions

Kenneth Schneider and Marjorie Schneider will be produced for depositions forthwith. You have a choice of the following dates upon which these depositions will commence. By November 5, 2009 select one for Kenneth Schneider and one for Marjorie Schneider after which we will prepare a formal notice.

November 13,16,17,19,23,24,25,27,30

Very truly yours,

E. William Hevenor

**Exhibit "K"**

LAW OFFICES

# SPRAGUE & SPRAGUE

RICHARD A. SPRAGUE **†
THOMAS A. SPRAGUE *†
GEOFFREY R. JOHNSON
CHARLES J. HARDY
JOSEPH R. PODRAZA, JR. *
THEODORE J. CHYLACK *
STEPHEN R. KURENS *
THOMAS E. GROSHENS
LAWRENCE R. WOEHRLE *
AUSTIN R. FREUNDLICH *

· * ALSO MEMBER NJ BAR
· * * ALSO MEMBER NY BAR

SUITE 400
THE WELLINGTON BUILDING
135 S. 19TH STREET
PHILADELPHIA, PENNSYLVANIA 19103-4912
(215) 561-7681
TELECOPIER: (215) 561-6913
E-MAIL: LAWFIRM@SPRAGUEANDSPRAGUE.COM
OF COUNSEL
FRANCIS J. CATANIA

NEW JERSEY OFFICE
76 EUCLID AVENUE
HADDONFIELD, NJ 08033
(856) 216-1212
FAX (856) 354-2322

†MANAGING ATTORNEY
FOR NEW JERSEY

November 6, 2009

__*VIA* HAND DELIVERY__

Honorable Mitchell S. Goldberg
United States District Court
   for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street
Room 17614
Philadelphia, PA 19106

Re: **John Doe v. Kenneth Schneider, et al.**
   __Civil Action No. 2:08-CV-03805__

Dear Judge Goldberg:

I represent the defendants in the above-captioned matter. Defendants respectfully request that your Honor hold a conference to address several complex discovery issues which, as a practical matter, should be addressed before a discovery schedule can be issued.

As your Honor is aware, plaintiff John Doe filed his Complaint in or about August 2008. Defendants filed their Motion to Dismiss in October 2008. The Motion was not resolved until one year later, with this Court's Opinion and Order dated October 29, 2009. In the interim, the no scheduling conferences or scheduling orders were directed by the Court.

Nonetheless, the parties exchanged Initial Disclosures and conferred to address discovery issues. In the end, however, it was clear to all parties that the numerous discovery issues could not be meaningfully addressed until the Court had resolved defendants' Motion to Dismiss, and determined which of plaintiff's claims remained. As a result, virtually no formal discovery has been taken to date.

SPRAGUE & SPRAGUE

Honorable Mitchell S. Goldberg
November 6, 2009
Page 2

The discovery issues in question may be briefly outlined. By way of background, plaintiff alleges that he was sexually abused by defendant Kenneth Schneider between approximately 1998 and 2004. Defendant Kenneth Schneider vehemently denies plaintiff's allegations of sexual abuse; nonetheless, he is now put to the task of not merely proving a negative, but doing so in the context of alleged private, intimate acts which are alleged to have occurred over a decade ago.

To do so, plaintiff must now identify and locate scores of potential witnesses, many of whom have since moved; depose a substantial number of overseas witnesses, and obtain Mr. Doe's medical, employment, academic and other records in Russia and in several different states. More importantly, defendants are entitled to obtain all available contemporaneous communications between Mr. Doe and his friends and colleagues during the relevant time period, through the production of telephone records and electronic communications. Accordingly, defendants believe that procedures for obtaining access to these potential witnesses and data in other countries and states must be addressed by the Court.

Moreover, to date, plaintiff has not responded to defendants' First Set of Interrogatories and First Set of Request for Production of Documents, which were served over eight months ago. At the same time, plaintiff has served no discovery upon defendants. Despite this, by letter dated October 30, 2009 plaintiff's counsel demanded that defendants produce by November 10, 2009 "all travel receipts, all credit card, domestic and foreign bank account and telephone statements for all defendants." (Given the substantial time lapse, defendants understandably have little or no such documents in their possession.) Plaintiff has also demanded that defendants Kenneth Schneider and Marjorie Schneider appear for deposition some time within the next three weeks. *See* defense counsel's letter, appended as Exhibit "A."

These requests are unfair and improper given the nature of the allegations made against our clients and plaintiff's failure to participate in any discovery to date. As a matter of fairness, plaintiff, who bears the burden of proving the truth of what to date have been vague averments unsupported by a single page of documentary evidence, should produce all relevant documentary evidence and appear for deposition before defendants are put to the enormous time and expense of undertaking the discovery outlined above. Defendants thus respectfully request that a conference be held to address these issues as well.

SPRAGUE & SPRAGUE

Honorable Mitchell S. Goldberg
November 6, 2009
Page 3

We appreciate your Honor's attention to this matter.

Very truly yours,

THEODORE J. CHYLACK

TJC/srk
Enclosure

cc:     E. William Hevenor, Esquire (*Via* Fax: 267.386.2175, w/encl.)

Exhibit "L"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE, et al            :          CIVIL ACTION
                               :
    v.                   :
                               :
KENNETH SCHNEIDER, et al   :      NO. 08-3805

## ORDER

**AND NOW,** this 9th day of November, 2009, it is hereby **ORDERED** that a Rule 16 Conference is scheduled for 11:00 a.m. Tuesday, November 24, 2009, in Chambers, Room 4000. Counsel shall consult Judge Goldberg's Policies and Procedures (available at http://www.paed.uscourts.gov), prior to the conference.

BY THE COURT:

/s/ Mitchell S. Goldberg

_____

Mitchell S. Goldberg, J.

**Exhibit "M"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE AND JOHN DOE, | : | CIVIL ACTION |
| | : | |
| PLAINTIFFS, | : | NO. 2:08-CV-03805 |
| | : | |
| V. | : | |
| | : | |
| KENNETH SCHNEIDER, ET AL., | : | |
| | : | |
| | : | |
| DEFENDANTS. | : | |

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | SS |
| County of Philadelphia | : | |

### AFFIDAVIT OF STEPHEN R. KURENS, ESQUIRE

I, Stephen R. Kurens, Esquire, being duly sworn, depose and say:

1.     I am an attorney at Sprague & Sprague, and am one of the attorneys handling the litigation captioned *John Doe v. Apogee Foundation, et al.*

2.     On Friday morning, November 13, 2009, I called the office of Richmond & Hevenor, counsel for plaintiff John Doe, and asked to speak to Kenneth Richmond regarding the *John Doe* matter.

3.     The woman who answered the telephone placed me on hold, and then returned and told me that Mr. Richmond was unavailable.

4.     I told the woman that I was calling to advise Mr. Richmond that, given that the Court had granted our office's request for a conference to address various discovery issues, including plaintiff's efforts to take Mr. Schneider's deposition, and since Mr. Richmond had never called to confirm Mr. Schneider's appearance on the date noticed, I assumed Mr. Richmond understood that Mr. Schneider would not be appearing for a deposition on Monday, November 16, 2009.

1

5.      Apparently in response to my message, Mr. Richmond's office faxed a note to our office in the afternoon stating, *inter alia*, that Mr. Hevenor had "been alerted to a phone message from you at our Philadelphia office. Please correspond in writing any matter you are raising or wish to discuss."

6.      I do not recall learning of Mr. Hevenor's November 13, 2009 fax until late in the morning of Monday, November 16, 2009. I read his note to mean that he had received my message, which I thought was self-explanatory and did not require any further communication.

7.      In the afternoon of November 17, 2009, I contacted Mr. Richmond while I was in Scranton on an unrelated matter, in response to notification by my secretary that Mr. Richmond had asked to speak to me.

8.      At the outset of our telephone conversation, Mr. Richmond advised that he was calling because he intended to file a motion for sanctions that day because of defendant Kenneth Schneider's failure to appear for a deposition on Monday, November 16, 2009. He said that, given that Mr. Schneider had already failed to appear for the deposition, he did not see how this issue could be resolved without his filing a motion.

9.      I told Mr. Richmond that he had no basis for filing such a motion. I said that the parties had agreed months ago that the plaintiff would not seek Mr. Schneider's deposition until defendants had deposed John Doe and the parties had attended a conference with the Court, and that counsel's notice to take Mr. Schneider's deposition was in violation of those agreements.

10.      I also stated that defendants had promptly requested that the Court conduct a Rule 16 conference to address discovery issues, including plaintiff's attempt to take Mr. Schneider's deposition, and that plaintiff was aware that the Court had promptly granted defendants' request for a conference. I said that in light of the parties' prior agreements and the defendants' request for a conference, it was clear that the deposition was not going forward, otherwise the Rule 16 conference would be rendered moot.

11.      I also stated that I had left a message for Mr. Richmond on Friday advising him that Mr. Schneider would not be appearing, and that his office has confirmed receipt of my message later that day. Mr. Richmond did not respond to this statement.

2

12. The above statements are true and correct to the best of my knowledge, information and belief.

DATE: _11/23/09_                                  _____
                                                 STEPHEN R. KURENS

Sworn to and subscribed

before me this 23rd day of November, 2009.

_____
NOTARY PUBLIC

NOTARIAL SEAL
NADINE L CHAVOUS
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Mar 17, 2013

3